# EXHIBIT A

IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL
CIRCUIT IN AND FOR ST. LUCIE
COUNTY, FLORIDA

TAMIKO N PEELE Individually on behalf of herself,
*Plaintiffs,*

vs.

JONES DAY and it's associate BRIAN M TRUJILLO,
in their individual and official capacity
c/o JONES DAY
600 Brickell Avenue,
Suite 3300
Miami, FL 33131

and

OPENSKY, A Division of Capital Bank N.A.
2275 Research Blvd.,
Suite 600
Rockville, Maryland 20850-6238

and

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD.
PLANTATION, FLORIDA  33324

and

TRANS UNION LLC. and DOES 1-3 inclusive in their individual
Capacity
c/o THE PRENTICE HALL CORPORATION SYSTEM INC
1201 HAYS STREET
SUITE 105
TALLAHASSEE, FLORIDA 32301
*Defendants.*

TAMIKO N PEELE VS JONES DAY (C7)

**2022SC004427**          FILED: 12/06/2022



Division.:

**CAUSES OF ACTION**

1) FIRST CLAIM FOR RELIEF
   Bad Faith-Failure to Settle

2) SECOND CLAIM FOR RELIEF
   Breach of Settlement Agreement

3) THIRD CLAIM FOR RELIEF
   Declaratory Judgment

4) FORTH CLAIM FOR RELIEF
   Unjust Enrichment

5) FIFTH CLAIM FOR RELIEF
   Breach of Covenant of Good Faith
   and Fair Dealing

**Damages Between 2500.01 not
exceeding $8,000 Per Defendant Per
Count**

JURY TRIAL DEMAND

## COMPLAINT

1

COMES NOW, Plaintiff TAMIKO N PEELE collectively ("PEELE") sues Defendants JONES DAY and it's associate BRIAN M TRUJILLO, in their individual and official capacity EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC., and OPENSKY, A Division of Capital Bank N.A collectively ("Defendants"), for alleges Bad Faith, Breach of Settlement Agreement, Declaratory Judgment, Unjust Enrichment, Breach of Covenant of Good Faith and Fair, Dealing.  The Small Claims Court in conjunction with the 14th amendment of the Constitution allows for Florida Citizens to Sue for Damages sustained as to Injures rather Malicious and or Incidental. On the 19th of August 2022 Experian through Counsel BRIAN M TRUJILLO, Breached the Settlement and proceeded with Bad Faith when removing Matters that were under the jurisdiction of this court in Violation of Roker-Feldman. Soon thereafter Transunion and its staff counsel Charlotte violated the similar settlement agreement. The Party Defendants JONES DAY and it's associate BRIAN M TRUJILLO, in their individual and official capacity EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC., EQUIFAX INC.,  and OPENSKY, A Division of Capital Bank N.A collectively ("Defendants") in their personal and official capacities in gross violation of the "Breach" have caused for the Plaintiff TAMIKO N PEELE collectively ("Peele and or PEELE") to bring additional claims in relations to the original settlement agreement against party Defendants  as to a breach of a Settlement agreement ,Bad Faith to gain sanction and enforce the terms of the against JONES DAY and it's associate BRIAN M TRUJILLO, in their individual and official capacity EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC., and OPENSKY, A Division of Capital Bank N.A collectively ("Defendants") in their individual and official capacities, for violating common law claims, for the direct and  proximately as to Plaintiffs causes of actions for Bad Faith, Breach of Settlement Agreement, Declaratory Judgment, Unjust Enrichment, Breach of Covenant of Good Faith and Fair, Dealing.  Damages and alleges:

## II.    **JURY QUESTION PRESENTED**

**A.** The ***First(1st)*** primary question presented is, is whether each Party Defendants JONESDAY, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC., and OPENSKY, A Division of Capital Bank N.A., individually and or collectively guilty of negligence which caused or contributed to the subject incident?  And if so;

**B.** The ***Second(2nd)*** primary question presented is whether each party Defendant JONESDAY, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC., and OPENSKY, A Division of Capital Bank N.A., individually and or collectively are negligence and was a legal cause of injury to the Plaintiffs'? and if so;

**C.** The ***Third(3rd)*** primary question presented is whether the Plaintiff's is entitled to Relief and What Monetary are the Party Defendants JONESDAY, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC., and OPENSKY, A Division of Capital Bank N.A., Labile for individually?

3

## III. <u>TABLE OF CONTENT</u>

*Page*

I.   PRELIMINARY STATEMENT AND NATURE OF ACTION………...……….................…..2

II.  JURY QUESTION PRESENTED……………………………………………………..…….3

III. TABLE OF CONTENT……………………………………...........…………..……….4

IV.  LEGAL STATEMENT………………………………………...……...…………...…5-6

V.   INTRODUCTION AND BACKGROUND……………………………………...…..7-9

        1. The EXPERIAN INFORMATION SOLUTIONS, INC., through Counsel
        Brain Trujillo and TRANS UNION LLC., Charlotte Young and DOES 1-3
        inclusive in their individual Capacity, Breached the Settlement Agreement
        with Bad Faith, Breach of Covenant of Good Faith and Fair Dealing with Tax
        Implication of Void Settlement Proceeds………………………………………..9

VI.  <u>JURISDICTION AND VENUE</u>…………………………………………..….......9-11

VII. PARTIES……………………………………………………………..…….....11-12

VIII. CAUSES OF ACTION…………………………………………..……………12-20

        **a.** THIRD CLAIM FOR RELIEF Bad Faith-Failure to Settle……………….12-13

        **b.** SECOND CLAIM FOR RELIEF Breach of Settlement Agreement……………..13

        **c.** FIRST CLAIM FOR RELIEF Declaratory Judgment………………………13-16

        **d.** FORTH CLAIM FOR RELIEF Unjust Enrichment………………………16-17

        **e.** FIFTH CLAIM FOR RELIEF Breach of Covenant of Good Faith and Fair
        Dealing…………………………………………………………………..17-20

IX.  PRAYER FOR EQUAL PROTECTION, Relief and Conclusion……………….……20-21

X.   <u>DEMANDED FOR JURY TRIAL</u>……………………………………..….......21

XI.  APPENDIX INDEX………………………………………………..…………..:21

## IV.   LEGAL STATEMENT

1. A pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) Nor does the leniency afforded pro se litigants give this Court license to serve as de facto counsel for him or to rewrite otherwise deficient pleadings on his behalf in order to sustain an action. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). "Even pro se litigants must state their claims in an understandable and efficient manner." Peck v. Merletti, 64 F. Supp.2d 599, 602 (E.D.Va. 1999). Courts have routinely dismissed pleadings pursuant to Rule 8(a)(2) where their substance has remained obscured behind a veil of unintelligible nonsense. See, e.g., Owens v. Shields, 2002 WL 992391, *1 (2nd Cir. May 15, 2002) (dismissal of complaint appropriate under "short and plain statement" requirement of Rule 8 where even after repeatedly reading the complaint with care, the court could not determine what plaintiff was alleging); Iwachiw v. New York State Dept. of Motor Vehicles, 299 F. Supp.2d 117, 123 (E.D.N.Y. 2004) (dismissing complaint under Rule 8 where claims are so confused, ambiguous, vague and otherwise unintelligible that their true substance, if any, was well disguised); Huang v. Shiu, 124 F.R.D. 175, 177 n.3 (N.D. Ill. 1988) (dismissing complaint where it is written so poorly it simply cannot be understood, inasmuch as it is not the responsibility of the court or the defendants to pore over the complaint in an attempt to ascertain what plaintiff is trying to say)

2. However, "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). And, must still meet "**minimal**" Pleading standards. Pugh v Farmers Home Admin, 846 F. Supp. 60, 61 (M.D. Fla 1994) Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short and plain statement of the basis of the Court's

jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. Fed. R. Civ. P. 8(a). Federal Rule 9. Pleading Special Matters, Federal Rule 9(a)(b) allows a) CAPACITY OR AUTHORITY TO SUE; LEGAL EXISTENCE. (1) In General, Except when required to show that the court has jurisdiction, a pleading need not allege:(A) a party's capacity to sue or be sued;(B) a party's authority to sue or be sued in a representative capacity; or(C) the legal existence of an organized association of persons that is made a party.(2) Raising Those Issues. To raise any of those issues, a party must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge. (b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

3. In: Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). There must be sufficient factual matter to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is *liable for the misconduct alleged*." Id. ("Where a complaint pleads facts that are merely consistent with a Counter defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (quotation marks omitted).

6

## V.   INTRODUCTION AND BACKGROUND

4. This is an action for damages that exceeds $2500.01, but does not exceed $8,000 Per Defendant, Per Count.

5. Plaintiff's Tamiko N Peele and TAMIKO N PEELE are authorized to conduct business in Florida.

6. Defendant's JONES DAY and it's associate BRIAN M TRUJILLO, in their individual and official capacity are authorized to conduct business in Florida is/are a resident of the Miami, Florida and is sui Juris.

7. Defendant's OPENSKY Card Services, OPENSKY, a Division of Capital Bank, N.A. d/b/a CAPITAL BANK, N.A are not authorized to conduct business in Florida, However EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., EQUIFAX INC., are authorized to conduct business in Florida.

8. Defendant(s) OPENSKY Card Services, OPENSKY, a Division of Capital Bank, N.A. d/b/a CAPITAL BANK, N.A. and CAPITAL BANCORP, INC., is/are a resident of the District of Washington, D.C. and is sui Juris.

9. Defendant EXPERIAN INFORMATION SOLUTIONS, INC., is/are a resident of the Cosa Mesa, CA, and is a nationwide Consumer Reporting Agency("CRA") within the meaning of 15 U.S.C.§1681a(f).

10. Defendant TRANS UNION LLC., is/are a resident of the Chester, PA and is a nationwide Consumer Reporting Agency("CRA") within the meaning of 15 U.S.C.§1681a(f).

12. On or about the 22nd of February 2022, the Tamiko N Peele and TAMIKO N PEELE rescinded and cancelled the credit card and the executed agreement made with OPENSKY on January 23, 2021. That agreement consisted of an upfront Deposit of $400 (Four Hundred)

dollars in U.S. Currency and a Yearly Fee of Thirty-Five (35) dollars in U.S. Currency to establish an executed contract. Once OPENSKY received the Deposit of 400 via Western Union, OPENSKY, sent a revolving credit card to the Plaintiff's Physical Address at 4001 S.W. Melbourne Street, Port Saint Lucie, Florida 34953 and soon thereafter sent the First Billing Invoice in which a yearly fee was access. The yearly fee was paid and at the time the Plaintiff proceed to place the credit card in a safe place in which the credit card was NEVER used for the duration of the yearly contractual agreement.

12. The plaintiff using the credit card to reestablish credit worthiness, gave notice to the OPENSKY, vis USPS regular mail with correct postage, that included a Recission Letter dated the 22nd of February 2022 in which the credit card cut in pieces included, as the Plaintiff would not be renewing and to take proper measures to close the card and return the Plaintiff's Personal Property within 30 Days. Instead of abiding by the Cardholder agreement the OPENSKY, A Division of Capital Bank N.A., proceeded to breach the agreement by keeping the card open Revolving and begin to access an additional yearly fee.

13. Instead of Mitigating their damages the OPENSKY, on or about the 17th of June 2022 in relations to the 1st of April 2022 sent an "*authorized*" Bill Collection Email to the Plaintiff personal Email without consent or permission stating that "titled "Missed Payment" and Stated *"Dear Tamiko, We haven't received the past due payment. Click the "Pay Now"* button to make a one-time payment and avoid further negative reporting." The plaintiff immediately took action and sent OPENSKY Card Services, OPENSKY, a Division of Capital Bank, N.A. d/b/a CAPITAL BANK, N.A. and CAPITAL BANCORP, INC., a Cease and Desist.

14. The OPENSKY, a Division of Capital Bank, N.A. CAPITAL BANK, N.A, and CAPITAL BANCORP, INC., which was in possession of the Mailing and Payment in the form

St. Lucie County File Date: 12/06/2022 03:19 PM

of a Money Order on or about April 2022. Immediately Cashed the Payment, Malicious

Misapplied the alleged Fees to another account and began to Malicious and Slanderous the

Plaintiff to Four Credit Agencies without taking the proper action to mitigate the situation

causing the Plaintiff to be Injured Malicious, therefore Restitution Punitive Damages, and Relief

in being requested.

1. The EXPERIAN INFORMATION SOLUTIONS, INC., through Counsel Brain Trujillo and
TRANS UNION LLC., Charlotte Young and DOES 1-3 inclusive in their individual Capacity,
Breached the Settlement Agreement with Bad Faith, Breach of Covenant of Good Faith and Fair
Dealing with Tax Implication of Void Settlement Proceeds

15. The EXPERIAN INFORMATION SOLUTIONS, INC., through JONES DAY and

it's associate BRIAN M TRUJILLO, and TRANS UNION LLC., Charlotte Young and DOES 1-

3 inclusive in their individual Capacity, agreed in the Confidential Agreement not to disclose to

third-parties, JONES DAY and it's associate BRIAN M TRUJILLO was obligated to comply

with multiple professional, ethical, and legal duties of care. Those duties require, among other

things, to (a) protect, safeguard, and keep confidential certain client information and other

information; and (b) prevent the unauthorized disclosure of confidential information, including

confidential settlement information. and to prevent the unauthorized disclosure of, confidential

settlement information.

16. Had EXPERIAN INFORMATION SOLUTIONS, INC., through JONES DAY and

it's associate BRIAN M TRUJILLO, and TRANS UNION LLC., Charlotte Young and DOES 1-

3 inclusive in their individual Capacity complied with its professional, ethical, and legal

obligations, would have prevented the Bad Faith and Breach.

VI.  **JURISDICTION AND VENUE**

17. This is a Claim for Damages and Incidental Relief action in excess of $ *2500.01 not*

*exceeding $8000.00 Per Defendant Per Count* for Violations, Damages, as well as other claims

9

and counts, arising from a pattern of Bad Faith, constitutional rights abuse that have led to harassment and gross violating of the Plaintiff's constitutional rights, that is continuing through various illegal acts perpetrated by defendants from that time through the present. Plaintiff Peele and PEELE sues each and every Defendant individually, the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA"), Damages. In addition, PEELE Plaintiff sues the individual named defendants, and other, as of yet unidentified agents and employees of the Defendants.

18. This Court has subject matter jurisdiction over the Plaintiff and Defendants (Collectively, the "Parties"). Because the causes of action arise within the jurisdiction of this Court and, thus, venue and jurisdiction are proper. In addition, this Court has personal Jurisdiction over the Defendants because Defendants are operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within St. Lucie County, Florida.

19. The amount in controversy is greater than $2500.01, but does not exceed $8000.00, per Defendant, Per Count, exclusive of Punitive Damages, costs, interest, expenditures, and such other relief as the Court deems just, equitable and appropriate and is otherwise within this Court's jurisdiction.

20. In Addition this Court has Jurisdiction as Venue in this District is proper because Venue of this action is proper in this Court because, pursuant to Fla. Stat. 47.011 et seq, and Fla. Stat. 47.051 the cause of action alleged below arose in St Lucie County, Florida as the Plaintiff's resides here and Defendant acts and actions occurred or are occurring within the jurisdiction into Saint Lucie County, Florida. In addition,

21. All the Conditions precedent to bring this cause of action, if any have been performed, waived, and or satisfied as this action for damages does not exceed the jurisdictional

amount pursuant to Florida Small Claims Rule 7.010(b). *See("Exhibit"A-C")*

## VII. **PARTIES**

22. Plaintiff Tamiko N Peele, are nature person, and are citizens of the State of Florida, residing in St. Lucie County, Florida

23. At all times material, Tamiko N Peele ("Peele and or PEELE") are a nature person over the age of eighteen, and are citizens of the State of Florida, residing in St. Lucie County, Florida. Plaintiff TAMIKO N PEELE, ("Peele and or PEELE") are a Fictitious Person and Strawman created by thru The State of Florida Inc., through a Birth Certificate Contract, Social Security Contract and a Driving License Contract, and are operating through Interstate commerce in which this Alleged Contract is based on out of the State of Florida Inc.

24. Defendant, JONES DAY and it's associate BRIAN M TRUJILLO, in their individual and official capacity, is located at 600 Brickell Avenue, Suite 3300, Miami, FL 33131 with its principal place of business located in Ohio.

25. Defendant OPENSKY, A Division of Capital Bank N.A. is located at 2275 Research Blvd., Suite 600 Rockville, Maryland are MD Corporation, with its principal place of business located in Maryland.

26. Defendant CAPITAL BANK, N.A. is located at 2275 Research Blvd., Suite 600 Rockville, Maryland are MD Corporation, with its principal place of business located in Maryland.

27. Defendant EXPERIAN INFORMATION SOLUTIONS, INC. is located, with its principal place of business located in Cosa Mesa, CA, EXPERIAN INFORMATION SOLUTIONS, INC, is a nationwide Consumer Reporting Agency("CRA") within the meaning of 15 U.S.C.§1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it

11

regularly engages in whole or in part in the practice of assembling or evaluating consumer credit

information or other information on consumers for the purpose of furnishing consumer reports to

third parties, and which uses means or facilities of interstate commerce for the purpose of

preparing or furnishing consumer reports, specifically the mail and internet.

28. Defendant TRANS UNION LLC, is located, with its principal place of business

located in, Chester, PA. TRANS UNION LLC, is a nationwide Consumer Reporting

Agency("CRA") within the meaning of 15 U.S.C.§1681a(f), in that, for monetary fees, dues,

and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of

assembling or evaluating consumer credit information or other information on consumers for the

purpose of furnishing consumer reports to third parties, and which uses means or facilities of

interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the

mail and internet.

## VIII.   CAUSES OF ACTION

### *COUNT I*
**a.** *FIRST CLAIM FOR RELIEF Bad Faith-Failure to Settle against all Defendants and DOES 1-3 inclusive*

29. Each Party Defendant Individually *AND DOES 1-3Inclusive established* Bad Faith

Failure to Settle with Willful and Wanton. While the issue of bad faith is generally one of fact

for a jury, the issue of bad faith may be determined as a matter of law when the facts are

undisputed. Each party Defendant had a duty to exercise good faith towards the interest of the

confidential Settlement agreement(s). Each Party defendant individually **(a)** failed to settle the

inaccurate data when it had the opportunity to do so; **(b)** Failed to negotiate in good faith with

PEELE when it had a reasonable opportunity to settle the claims of the Plaintiff; **(c)** Failed to

even attempt to settle with  PEELE after request(s) to suppress the inaccurate data.**(d)** Willfully

refused to settle the entire claims of the PEELE and recklessly allowed counsel to continue to

St. Lucie County File Date: 12/06/2022 03:19 PM

engage in abusive, reprehensible conduct during the course of the litigation with full awareness of said conduct. As a proximate result on the action or omissions, PEELE were forced to reconvene litigation and the matters for an additional Six months and lost incurring hours from the enjoyment of life.

## *COUNT II*
***b.*** *SECOND CLAIM FOR RELIEF* *Breach of Settlement Agreement against all Defendants, and DOES 1-3 inclusive*

30. Plaintiff incorporated and realleges paragraph 1-28. Defendants Grossly and Maliciously Breach the Rescinded Contract by Reinstating the Terms and Agreement without knowledge and or consent. Breached it's on Terms and Agreements when it failed to fulfill its obligation(s), whether partially or wholly, as described in the Terms and Agreement, or communicates an intent to fail the obligation or otherwise appears not to be able to perform its obligation under the contract.

## *COUNT III*
**c.** *FIRST CLAIM FOR RELIEF Declaratory Judgment against all Defendants, and DOES 1-3 inclusive*

31. By reporting inaccurate credit information regarding Plaintiffs' Tamiko N Peele and TAMIKO N PEELE diminished credit scores and deprived them of credit opportunities, by inaccurately reporting constituted an unlawful, unfair, and fraudulent business practices.

33. Defendant OPENSKY**,** A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., practices were unlawful because they violate the FCCPA, FDUTPA, FDCPA and Acts as Party defendants the FCRA and the FDCPA required OPENSKY**,** A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC,  and TRANS UNION LLC., to follow reasonable procedure to assure maximum possible accuracy of the information it reported. As described above, Defendant violated these provisions.

13

34. Defendant OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., also violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act,("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA") Acts and its associated policies by reporting loans as late, when in fact the loans were to be reported as Zero balance, Paid Closed though the Plaintiffs' required Deposit.

35. OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., practices were also unfair, because it is unethical, immoral, oppressive, and substantially injurious to consumers to report information about the status of their loans which is false. Defendants OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC,  and TRANS UNION LLC., practices were also unfair because it is unethical, immoral, oppressive, and substantially injurious for OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC,  and TRANS UNION LLC., to create, use, market, sell, and promote a credit scoring model which inaccurately predicts that consumers are worse credit risks based on nothing other than the fact that they have loans as to which the consumer use to establish credit worthiness. Such a prediction has no basis in fact and runs directly counter to public policy as stated in the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA") Acts.

36. Defendants EXPERIAN INFORMATION SOLUTIONS, INC,  and TRANS UNION LLC., practices were fraudulent because the report recipients were deceived and/or were likely to be deceived by Defendant EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION LLC., EQUIFAX INC inaccurate representations with respect to Plaintiffs loans and creditworthiness.

37. Defendants OPENSKY, a Division of Capital Bank, N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., practices were also fraudulent because consumers and report recipients were deceived and/or were likely to be deceived by Defendants' inaccurate representations with respect to Plaintiffs creditworthiness. WHEREFORE, PPEELE demands judgment against each Defendants, OPENSKY, a Division of Capital Bank, N.A., INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., in an amount in excess of $2500.01 but not more than $8000.00 for this count, exclusive of Punitive damages, interest, costs, fees and such other relief the Court deems just, equitable and appropriate.

38. Plaintiff incorporated and realleges paragraph 1-96. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq15 U.S.C. § 1681e(b). ("FCRA"), if a borrower disputes her debt, a furnisher has 30 days to complete an investigation into the validity of the claim. See 15 U.S.C. § 1681s-2(E)(iii). Experian Information Solutions, Inc and Trans Union LLC., failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the records it reported. The foregoing violations were negligent. The foregoing violations were willful. Experian Information Solutions, Inc and Trans Union LLC., acted in negligent, deliberate and reckless disregard of its obligations and the rights of Plaintiffs and Class members under 15 U.S.C. § 1681e(b). Experian Information Solutions, Inc and Trans

St. Lucie County File Date: 12/06/2022 03:19 PM

Union LLC., negligent and willful conduct is reflected by, inter alia, the following:

    a. Experian Information Solutions, Inc and Trans Union LLC., inaccurately described the status of Plaintiffs' Card with a balance and "was Paid as Agreed"

    b. Experian Information Solutions, Inc and Trans Union LLC., has received complaints from consumers indicating that its reporting is inaccurate;

    c. Experian Information Solutions, Inc and Trans Union LLC., easily could have prevented inaccurate reports by reviewing and vetting information it received from OPENSKY, a Division of Capital Bank, N.A., but failed to do so;

    d. After learning about inaccurate information furnished by OPENSKY, a Division of Capital Bank, N.A., Experian Information Solutions, Inc and Trans Union LLC., continued to include inaccurate information in its reports rather than suppressing the' tradelines;

    e. By adopting a policy of failing to review information from its furnisher, and of failure to retract such information, Experian Information Solutions, Inc and Trans Union LLC., voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

39. Plaintiffs are each entitled to actual damages or statutory damages of not less than $2500.01 and not more than $8,000 for this violation. Plaintiffs and the FCRA Class are each also entitled to punitive damages and to recover costs and fees.

### ***COUNT IV***
***d. FORTH CLAIM FOR RELIEF Unjust Enrichment against all Defendants, and DOES 1-3 inclusive***

40. Plaintiff incorporated and realleges paragraph 1-39. The Plaintiffs has conferred a benefit on the "All" Defendants by providing cash for credit advances, products and/or goods and services that allows each collectively and or individually to have made compounding interest fees and cost of the Plaintiff.

41. Defendant has knowledge of the benefits of said benefit and the use of said credit by "All" Defendants constitutes an unjust enrichment of the Defendant at the Plaintiff's expense.

16

42. Defendant has accepted or retained the benefit conferred and the circumstances are such that such that it would be inequitable for the Defendant(s) to retain the benefit without paying fair value for it. Defendants has failed to pay for said benefits and defendants has therefore been unjustly enriched.

43. The Plaintiffs has conferred a benefit on the Defendant OPENSKY, a Division of Capital Bank, N.A., by providing cash for credit advances, products and/or goods and services with knowledge of the benefits of said benefit and the use of said credit by Defendant OPENSKY, a Division of Capital Bank, N.A., constitutes an unjust enrichment of the Defendant at the Plaintiff's expense.

44. Defendant has accepted or retained the benefit conferred and the circumstances are such that such that it would be inequitable for the Defendant OPENSKY, a Division of Capital Bank, N.A., to retain the benefit without paying fair value for it. Defendants has failed to pay for said benefits and defendants has therefore been unjustly enriched.

45. As a result of the unjust enrichment of Defendant, Plaintiff has been damaged. WHEREFORE, Plaintiff's Peele and PEELE demands judgment against each Defendants, OPENSKY, a Division of Capital Bank, N.A., n an amount in excess of $2500.01 but not more than $8000.00 per count, exclusive of Punitive damages, interest, costs, legal fees and such other relief the Court deems just, equitable and appropriate.

### *COUNT V*
*e. FIFTH CLAIM FOR RELIEF Breach of Covenant of Good Faith and Fair Dealing against all Defendants, and DOES 1-3 inclusive*

46. Plaintiff incorporated and realleges paragraph 1-45. The Florida Deceptive and Unfair Trade Practices Act is a state law designed to offer consumer protection from a broad range of prohibited conduct in trade or commerce. Under FDUPTA, aggrieved parties are entitled to sue

17

any persons or entities engaging in deceptive business practices or unfair methods of competition. FDUPTA has certain specific purposes, as described in Fla. Stat. 501.202(2): (1) To modernize, simplify, and clarify the law governing consumer protection, including deceptive, unconscionable, and unfair trade practices or methods of competition. (2) To protect public consumers and legitimate businesses from those who engage in deceptive, unconscionable, and unfair trade practices or methods of competition in commerce or trade. (3) To establish state consumer protection and enforcement consistent with federal law.

47. Party Defendant(s) OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., inaccurate reporting constituted an unlawful, unfair, and fraudulent business practices were unlawful because they violate the FCCPA, FDUTPA, FDCPA and Acts. Both the FCRA and the FDCPA required OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC and TRANS UNION LLC., to follow reasonable procedure to assure maximum possible accuracy of the information it reported. As described above, Defendant violated these provisions.

48. Defendant OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., also violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act,("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA") Acts and its associated policies by changing account numbers to reinstated to report loans as late, when in fact the loans were disputed. Deleted as to being Zero balance, Paid Closed.

49. OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., practices were also unfair, because it is

St. Lucie County File Date: 12/06/2022 03:19 PM

unethical, immoral, oppressive, and substantially injurious to consumers to report information about the status of their loans which is false. Defendants EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., practices were also unfair because it is unethical, immoral, oppressive, and substantially injurious for OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., to create, use, market, sell, and promote a credit scoring model which inaccurately predicts that consumers are worse credit risks based on nothing other than the fact that they have loans as to which the consumer use to establish credit worthiness. Such a prediction has no basis in fact and runs directly counter to public policy as stated in the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"), Florida Deceptive and Unfair Trade Practices Act("FDUTPA")., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.("FCRA") Acts.

50. Defendants OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., practices were fraudulent because the report recipients were deceived and/or were likely to be deceived by Defendant OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, and TRANS UNION LLC., inaccurate representations with respect to Plaintiffs loans and creditworthiness.

51. Defendants OPENSKY, A Division of Capital Bank N.A., EXPERIAN INFORMATION SOLUTIONS, INC, TRANS UNION LLC., practices were also fraudulent because consumers and report recipients were deceived and/or were likely to be deceived by Defendants' inaccurate representations with respect to Plaintiffs creditworthiness. Under Florida law, the implied covenant of good faith and fair dealing is a material term of every contract; this

19

protects the reasonable expectations of contracting parties. Party Defendant(S) were obligated to comply with this covenant, in accordance with the strict confidentiality provision in the Confidential Agreement, Plaintiff reasonably expected that each individual Party Defendants to take proper measures to protect, safeguard and keep confidential, and prevent the unauthorized disclosure of, the confidential settlement information.

52. Party Defendants breached the covenant, and this breach frustrated the very purpose of the strict confidentiality provision, depriving PEELE of the benefit of its bargain and a direct and proximate cause of this breach, PEELE has sustained damages, including incidental and consequential damages, in an amount to be proven at trial.

### X. PRAYER FOR EQUAL PROTECTION, Relief and Conclusion

53. *"I never intend to adjust myself to economic conditions that will take necessities from the many to give luxuries to the few"* Revered Dr, Martin Luther King, Constitutional Activist. The ideology, philosophy and beliefs cannot dictate The Equal Protection Clause as to the Rule of Law and which Class, demographic, sector, and status quo deserves the right to civil liberties through the U.S. Constitution, State and Local Rules of Law. THE CORPORATE WELFARE, CORPORATISM and PIERCING THE CORPORATE VEIL cannot be continued to be uses as to society's ideology, philosophy and beliefs that seems to dictate The Equal Protection Clause as to the Rule of Law and which Class, demographic, sector and status quo deserves the right to civil liberties through the U.S. Constitution, State and Local Rules of Law. Just to as The Court is a System as to the Rule of Law, the Defendants through Corporate Welfare and Greed has been given financial hardships through sympathy, therefore relief is being Requested. WHEREFORE, PEELE prays that the Court order a trial by jury; that the Court enter a

20

declaratory judgment in favor of PEELE and damages against each party defendant individually;

and that the Court order such other relief as is just and proper.

### XI.  DEMAND FOR JURY TRIAL

Plaintiff's, respectfully, demands a trial by jury on all counts and issues so triable.

Dated: 6th December 2022.

### XII. APPENDIX INDEX VOLUME I

| PAGE NUMBERS | DOCUMENT DESCRIPTION | DATE |
|---|---|---|
| | **Exhibit"A"**  OPENSKY, A Division of Capital Bank N.A. Settlement agreement and Correspondences | various |
| | **Exhibit"B"**  EXPERIAN INFORMATION SOLUTIONS, INC, Settlement agreement and Correspondences | various |
| | **Exhibit"C"**  TRANS UNION LLC., Settlement agreement and Correspondences | various |

Dated: 6th of December, 2022

Mrs. Tamiko N Peele
*s/s Tamiko Peele, all rights reserved*
4001 SW Melbourne Street
Port Saint Lucie, FL 34953
Telephone: 772-400-7544

*Plaintiff-for-Plaintiff*

21



St. Lucie County File Date: 12/06/2022 03:19 PM

IN THE CIRCUIT/COUNTY COURT OF THE NINETEENTH JUDICIAL CIRCUIT
IN AND FOR ST LUCIE COUNTY, FLORIDA

TAMIKO N PEELE

        Plaintiff,

vs.

OPEN SKY A DIVISION OF CAPITAL BANK
NA AND CAPITAL BANK NA AND CAPITAL
BANCORP INC AND EXPERIAN
INFORMATION SOLUTIONS INC AND
TRANS UNION LLC AND EQUIFAX
        Defendant,

Case #:    562022SC001747AXXXHC

DEPUTY CLERK:   SANDRA SUGGS

COURT REPORTER:

FIRM NAME:

**COURT CLERK NOTES**

CONVENED ON  July, 18 2022 , AT 09:30 AM  WITH THE HONORABLE County
Judge  DARYL ISENHOWER PRESIDING.

OTHER OFFICIALS PRESENT WERE:

PLAINTIFF(S) ATTORNEY(S):    TAMIKO PEELE

DEFENDANT(S) ATTORNEY(S):    ATTY - KATIE CHAVERRI

COURT WAS OPENED BY PROCLAMATION OF THE BAILIFF  AND THE FOLLOWING
CASE BEFORE THE COURT:
MOTIONS:    PTC - STIPULATION

ORDER SUBMITTED IN OPEN COURT BY:     SIGNED

ORDER TO BE SUBMITTED BY:

Page 1 of 1

St. Lucie County,  File Date:  07/18/2022 -  11:48 AM

MICHELLE R. MILLER, CLERK OF THE CIRCUIT COURT SAINT LUCIE COUNTY
FILE # 5071259  OR BOOK 4859  PAGE 2663, Recorded 07/18/2022 02:10:57 PM

Case 2:23-cv-14005-KMM  Document 1-1  Entered on FLSD Docket 01/09/2023  Page 25 of 90

NINETEENTH JUDICIAL CIRCUIT
SMALL CLAIMS AND COUNTY CIVIL
SAINT LUCIE COUNTY, FLORIDA

STIPULATION AND SETTLEMENT AGREEMENT

Tamiko Peele,

Plaintiff,

CASE NO. 2022 SC 001747

vs. Opensky A. Division of Capital Bank N.A
Capital Bank NA
Capital Bancorp Inc.
Experian information solutions Inc.
Defendant, Trans Union LLC
Equifax

THE ABOVE TITLED CASE WAS HEARD THIS 17th DAY OF July , 20 2022
BEFORE JUDGE Isenhower .

_____ The case is ordered to Mediation.

__X__ The Parties have agreed to the following stipulations, either before the court or through mediation.

Plaintiff has agreed to $1000.00 to settle within
14 days.
The Defendant has agreed to do the following:
The Credit to reflect in good standing. And account
to be remained closed.

SHOULD THE DEFENDANT FAIL TO ABIDE BY THE TERMS OF THIS AGREEMENT AND UPON PRESENTATION OF AN AFFIDAVIT OF NONPAYMENT TO THE CLERK, THE PLAINTIFF IS ENTITLED TO A DEFAULT JUDGEMENT IN THE AMOUNT AGREED UPON ABOVE, PLUS COURT COSTS, LESS ANY AMOUNT PAID.

THIS AGREEMENT CONSTITUTES FULL SETTLEMENT OF ALL CLAIMS IN THIS MATTER.

_____ No settlement was agreed upon.

_____ Plaintiff

Zia Zoom
_____ Defendant

Subscribed and sworn before me this 17th day of July 2022

_____ Mediator

_____ County Judge

White / File        Yellow / Defendant        Pink / Plaintiff        Gold / Mediation Program

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This **CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE** (the "**Agreement**") is made and entered into as of **July 20, 2022** (the "**Effective Date**"), by and between Tamiko N. Peele ("**Ms. Peele**" or "**Plaintiff**") with an address of 4001 SW Melbourne Street, Port Saint Lucie, FL 34953, and Capital Bancorp Inc. ("**Capital Bancorp**") and its wholly-owned subsidiary, Capital Bank, N.A. ("**Capital Bank**"), d/b/a OpenSky ("**OpenSky**" and collectively, with Capital Bancorp and Capital Bank, the "**Capital Bank Parties**" or "**Defendants**") with offices at 2275 Research Blvd., Suite 600, Rockville, MD 20850. Ms. Peele, Capital Bancorp, Capital Bank and OpenSky are collectively the "**Parties**" and each a "**Party**". This Agreement is made with respect to the following facts, terms and conditions.

## RECITALS

**A.**     **WHEREAS,** on or about January 22, 2021, Ms. Peele opened a secured revolving credit account with OpenSky.

**B.**     **WHEREAS,** on or about June 6, 2022, Ms. Peele commenced a suit in the County Court of the Nineteenth Judicial Circuit, St. Lucie County, Florida (the "**Court**"), Case No. 2022SC001747 (the "**Case**"), against several defendants for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. amongst other alleged violations (the "**Claims**").

**C.**     **WHEREAS,** the Capital Bank Parties dispute the Claims made in the Case.

**D.**     **WHEREAS,** on or about July 18, 2022, at a court-conducted mediation, and as announced on the record at the hearing, Ms. Peele and the Capital Bank Parties agreed to settle the Case with prejudice.

**E.**     **WHEREAS,** to avoid further expense and hostilities, the Parties desire to settle and release each other from all rights, claims and demands of any kind which may exist between them relating to the Claims in the Case.

**NOW, THEREFORE,** in consideration of the above Recitals, and for the following Terms and Conditions, and for other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the Parties do hereby agree as follows:

## TERMS AND CONDITIONS

1. **Consideration**

     a. The Parties shall immediately execute this Agreement, transmitting their respective executed Agreements to each other via electronic transmission within three (3) business days of execution.

    b.  The Capital Bank Parties agree to pay the total settlement amount of One Thousand Dollars ($1,000.00), which represents the amounts alleged as owed by Ms. Peele to include her $400 security deposit and a $100 money order that Ms. Peele never received credit for.  The payment is conditioned upon Ms. Peele's execution of this Agreement, notifying the Court of the settlement, and the Capital Bank Parties' receipt of fully completed Form W-9.  The Capital Bank Parties will deliver the settlement funds by paper check to Ms. Peele at her address listed above via Federal Express or UPS within fourteen (14) days of July 18, 2022.

    c.  Within three (3) business days of both Parties' execution of the Agreement, the Capital Bank Parties will submit an Automated Universal Data Form to the three major consumer reporting agencies (TransUnion, Experian and Equifax) requesting modification of Ms. Peele's OpenSky tradeline to remove all delinquencies, and to reflect that the tradeline was in good standing and closed by Ms. Peele.

    d.  Upon both Parties' execution of the Agreement, Ms. Peele will immediately notify the Court that the Parties have settled the Case and that Ms. Peele wishes to dismiss the Case with prejudice.  Ms. Peele further agrees to take any further steps necessary to dismiss the Case should any further action be required.

    e.  Ms. Peele acknowledges and agrees that, as of the Effective Date of this Agreement, she will be precluded from applying for credit from the Capital Bank Parties and will further refrain from seeking an OpenSky credit card or any other product from the Capital Bank Parties.

## 2.  Mutual General Releases

    Upon execution of this Agreement and the completion of the rendering of  Consideration according to the provisions of Paragraph 1, the Parties, in consideration of the execution of this Agreement and of the Terms and Conditions contained herein, for the Confidentiality provision, and for these Releases which are in themselves material consideration for settlement without which the Parties would not agree to these Terms and Conditions, do for themselves, their affiliates, spouses, heirs, successors, assigns, trustees, executors, administrators, officers, directors, managers, employees, attorneys, accountants, agents and representatives, completely release, acquit and forever discharge the other Party, its affiliates, spouses, heirs, successors, assigns, trustees, executors, administrators, officers, directors, managers, employees, attorneys, accountants, agents and representatives, from any and all claims, counter-claims, demands, actions, causes of action, rights, suits, choses in action, title liens of any nature including mechanic's liens, and liabilities of every kind and nature whatsoever, whether known or unknown, suspected or unsuspected, at law or in equity, which they have now or may have or claim to have against the other Party hereto, its affiliates, spouses, heirs, successors, assigns, trustees, executors, administrators, officers, directors, managers, employees, attorneys, accountants, agents and representatives, for any and all damages of any kind or nature whatsoever including consequential and punitive or other exemplary damages, accountings, costs and expenses, economic losses, loss of income or profits, mediation or court costs, attorney fees, and all other equitable damages, including injunctive relief and specific performance which were or could have been alleged or prayed for in arbitration or any subsequent or concurrent litigation, arising out of or in any way connected with the Claims or the Case.  These Mutual Releases are intended to apply as set forth

above and without reservation, to all dealings between the Parties up to the Effective Date to the fullest extent possible.

3. **Confidentiality Agreement**

The Parties agree that they will keep this Agreement strictly confidential. The Parties further agree that this confidentiality obligation is a material provision to this Agreement and without it the Capital Bank Parties would not provide the releases set forth herein. Any breach of this paragraph is and shall be deemed a material breach of this Agreement. The confidentiality obligation shall survive the otherwise full performance of this Agreement and shall bind the Parties' affiliates, spouses, heirs, successors, assigns, officers, directors and all parties identified in Paragraph 2.

4. **Waiver and Release/Assumption of the Risk**

Each of the Parties hereto has executed this Agreement having the advice of their respective attorneys or the opportunity to obtain the advice of such other legal counsel as they may deem necessary or prudent, and therefore with full knowledge of any and all rights which the Parties may have, and hereby assumes the risk of any mistake of fact in connection with the true facts which are now unknown to them or which are not suspected by them.

5. **No Admission of Liability**

Nothing in this Agreement, nor in the performance of obligations required by this Agreement, shall be construed as an admission of liability of any kind by any Party, one to the other, and any such liability, if asserted, one as to any other, is expressly denied.

6. **Counterparts**

This Agreement may be executed in counterparts, each of which will be deemed an original. All counterparts of this Agreement shall constitute one and the same instrument. Signatures may be transmitted by facsimile or electronic mail in PDF or other similar format and will be deemed original.

7. **Choice of Law; Interpretation and Validity**

This Agreement shall be interpreted, enforced, and by the United States District Court for the District of Maryland and governed by the laws of Maryland without regard to any choice or conflict of laws provisions. Each of the Parties had the requisite authority to enter this Agreement and has had the benefit of the advice of legal counsel of its own choice. This Agreement is the product of all Parties and shall not be construed against any Party. If any provision of this Agreement is held unenforceable, the remainder of the agreement shall remain unaffected.

8. **Integration; Conflicts; Modification**

This Agreement represents the entire agreement between the Parties relating to the subject matter contained herein. No other statements, promises, inducements or representations have been

3

made or relied upon and any prior or contemporaneous agreements or understandings are merged into or replaced by this Agreement. This Agreement can only be modified or waived by a written agreement executed by all the Parties hereto and thereto.

9. **Notice**

Notice of any breach or demand shall be given by the Parties by Certified U.S. Mail/Return Receipt Requested, deemed received on the third mail day after postmark; or by overnight courier or personal delivery deemed received on the day delivered, as follows:

To the Capital Bank Parties
in care of:                     Tayman Lane Chaverri LLP
                                Attn: Katie L. Chaverri, Esq.;
                                2001 L Street NW, Suite 500
                                Washington, DC 20036;
                                Telephone: (202) 695-8146;
                                Email: kchaverri@tlclawfirm.com

To Ms. Peele:                   Tamiko N. Peele
                                4001 SW Melbourne Street
                                Port Saint Lucie, FL 34953
                                walkerlegalw@yahoo.com

It is solely the responsibility of each Party to give notice to the other Party of any change of address or other contact details. Failure to do so will not render notice properly given pursuant to one of the above methods invalid.

**ALL SIGNATORIES HEREUNDER HAVE READ THE FOREGOING SETTLEMENT AGREEMENT AND MUTUAL RELEASE, HAVE HAD THE ADVICE OR OPPORTUNITY TO OBTAIN THE ADVICE OF THEIR RESPECTIVE LEGAL COUNSEL, HAVE THE AUTHORITY AND CAPACITY TO EXECUTE THIS AGREEMENT AND TO BIND THEMSELVES AND THE OTHERS SET FORTH IN PARAGRAPH 2 TO ITS TERMS AND CONDITIONS, FULLY UNDERSTAND THE CONTENT HEREOF, AND AGREE TO THE TERMS AND CONDITIONS OF THIS AGREEMENT, AS OF THE DATE HEREOF.**

**TAMIKO N. PEELE**

_____          _____
                                          Date

4

St. Lucie County File Date: 12/06/2022 03:19 PM

**CAPITAL BANCORP, INC.**

By: Shelly Wehrmann  Its Authorized Officer

7/20/2022
Date

**CAPITAL BANK, N.A. D/B/A OPENSKY**

By: Shelly Wehrmann  Its Authorized Officer

7/20/2022
Date

5

# EXHIBIT B

RE: 22-13173-AA Tamiko N. Peele v. The United States Department of Justice through it, et al "Notice of Receipt" (2:22-cv-14305-AMC)

From:  Trujillo, Brian M. (btrujillo@jonesday.com)

To:     walkerlegalw@yahoo.com

Date:  Thursday, December 1, 2022 at 05:09 PM EST

Ms. Peele,

We represent Experian. Are you sure we are talking about the same case and same issue?

Brian Trujillo
Associate
**JONES DAY® - One Firm Worldwide®**
600 Brickell Avenue
Suite 3300
Miami, FL 33131
Office 305.714.9736
btrujillo@jonesday.com

**From:** Rob Rob <walkerlegalw@yahoo.com>
**Sent:** Thursday, December 1, 2022 5:07 PM
**To:** Trujillo, Brian M. <btrujillo@jonesday.com>
**Cc:** Walk Walk <walkerlegalw@yahoo.com>
**Subject:** Re: 22-13173-AA Tamiko N. Peele v. The United States Department of Justice through it, et al "Notice of Receipt" (2:22-cv-14305-AMC)

** External mail **

Good Day Mr. Truillo,

Usually, I would not response to such egregious slanderous, defamatory statement. However due to the slanderous statements you make that are not true. As previous stated The Filing was mailed like the others in which the mailing was not returned. In addition, you and your firm are on the 11th Circuit electronic list as noted with the email that you sent. In which I replied. I will consider this matter resolved and once the Initial Brief and Appendix is filed that will to be mailed. I will note your non waiver of service and will proceed, you, your client and your law firm should have the summons, complaint and exhibits within the next few days. regarding the Breach of Settlement agreement but not limited to. Until then have a safe and productive weekend.

Respectfully,

Mrs. Tamiko N Peele
On Thursday, December 1, 2022 at 04:52:28 PM EST, Trujillo, Brian M. <btrujillo@jonesday.com> wrote:

Ms. Peele,

We are not waiving service of anything. We are just referring to the fact that you are filing documents saying you conferred with us and that is not true.

Brian Trujillo
Associate
JONES DAY® - One Firm Worldwide®
600 Brickell Avenue
Suite 3300
Miami, FL 33131
Office 305.714.9736
btrujillo@jonesday.com

**From:** Rob Rob <walkerlegalw@yahoo.com>
**Sent:** Thursday, December 1, 2022 4:51 PM
**To:** Trujillo, Brian M. <btrujillo@jonesday.com>
**Cc:** Walk Walk <walkerlegalw@yahoo.com>
**Subject:** Re: 22-13173-AA Tamiko N. Peele v. The United States Department of Justice through it, et al "Notice of Receipt" (2:22-cv-14305-AMC)

** External mail **

Again, The Documents in question was mailed via USPS and as you are on the servicing list and was electronic mailed to you as well via the 11th Circuit of Court as to your Notice of Appearance. Again are you going to waive service as the Bad Faith Claim? If not I will proceed to File and have you and your firm served accordingly. Until then have a safe and productive week. If there are any other questions feel free to contact.

Respectfully,

Mrs. Tamiko N Peele


On Thursday, December 1, 2022 at 02:58:36 PM EST, Trujillo, Brian M. <btrujillo@jonesday.com> wrote:


If you would provide the tracking number, that would be perfect. We did not receive any documents via mail or otherwise.

Thank you so much!

Brian Trujillo
Associate
JONES DAY® - One Firm Worldwide®
600 Brickell Avenue
Suite 3300
Miami, FL 33131
Office 305.714.9736
btrujillo@jonesday.com

**From:** Rob Rob <walkerlegalw@yahoo.com>
**Sent:** Thursday, December 1, 2022 11:32 AM
**To:** Trujillo, Brian M. <btrujillo@jonesday.com>
**Cc:** Walk Walk <walkerlegalw@yahoo.com>
**Subject:** Re: 22-13173-AA Tamiko N. Peele v. The United States Department of Justice through it, et al "Notice of Receipt" (2:22-cv-14305-AMC)

St. Lucie County File Date: 12/06/2022 03:19 PM

** External mail **


The Documents in question was mailed via USPS and as you are on the servicing list was electronic mailed to you as well. If there are any other questions feel free to contact.

Respectfully,

Mrs. Tamiko N Peele
On Monday, November 28, 2022 at 03:14:31 PM EST, Trujillo, Brian M. <btrujillo@jonesday.com> wrote:

Ms. Peele,

I just received this filing that says you sent me something on November 17. I do not have anything from you.

Thank you.

Brian Trujillo
Associate
JONES DAY® - One Firm Worldwide®
600 Brickell Avenue
Suite 3300
Miami, FL 33131
Office 305.714.9736
btrujillo@jonesday.com

From: ecf_help@ca11.uscourts.gov <ecf_help@ca11.uscourts.gov>
Sent: Monday, November 28, 2022 3:11 PM
To: Trujillo, Brian M. <btrujillo@jonesday.com>
Subject: 22-13173-AA Tamiko N. Peele v. The United States Department of Justice through it, et al "Notice of Receipt" (2:22-cv-14305-AMC)

** External mail **


***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was entered on 11/28/2022 at 3:10:33 PM Eastern Standard Time and filed on 11/21/2022

| | |
|---|---|
| **Case Name:** | Tamiko N. Peele v. The United States Department of Justice through it, et al |
| **Case Number:** | 22-13173 |
| **Document(s):** | Document(s) |

**Docket Text:**
Notice of receipt: Response to Appellee Nelnet Total & Permanent Disability as to Appellant Tamiko N. Peele. NO ACTION WILL BE TAKEN. Untimely.

**Notice will be electronically mailed to:**

Matthew J. Conigliaro
John D. Eaton
Daniel Curtis Johnson
Lisa Tobin Rubio
Joanna P. Tempone
Brian Trujillo
U.S. Attorney Service - Southern District of Florida
Mary Josephine Walter

**Notice sent via US Mail to:**

Tamiko N. Peele
4001 SW MELBOURNE ST
PORT ST LUCIE, FL 34953

The following document(s) are associated with this transaction:
**Document Description:** Notice of Receipt
**Original Filename:** 22-13173-AA - Peele res.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1160056652 [Date=11/21/2022] [FileNumber=9813238-0]
[45294c779fb6250b06f4db434a21a01b5dd3892134e5c6355fd5f8159baf760ba23717a19f09076d56ac4e79a667abcb
775bf10db11bae7c706d9cfb8db2b93e]]

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by
attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying
it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by
attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying
it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client
or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by
reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-
client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify
sender by reply e-mail, so that our records can be corrected.***

Filing # 155706218 E-Filed 08/19/2022 12:55:22 PM

**IN THE COUNTY COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**IN AND FOR ST. LUCIE COUNTY, FLORIDA**

TAMIKO N. PEELE and TAMIKO N. PEELE,
individually and on behalf of themselves,

      Plaintiffs,

             v.

THE UNITED STATES DEPARTMENT OF
JUSTICE, THE UNITED STATES OF
AMERICA, INC., THE FLORIDA BAR AND
ITS MEMBERS ERIK P. KIMBALL, ERIK P.
KIMBALL, ROBIN R. WEINER, PA, OZMEN
LAW, PA, NELNET TOTAL &
PERMANENT DISABILITY, SHAWDE AND
EATON PL, WELLS FARGO EDUCATION
FINANCIAL SERVICES, INC., EXPERIAN
INFORMATION SOLUTIONS, INC., TRANS
UNION, LLC, BARRY STEVEN
MITTELBERG, THE UNITED STATES
DEPARTMENT OF EDUCATION,
EDUCATION CREDIT MANAGEMENT
CORPORATION, TRANSITIONAL
GUARANTY AGENCY FFEL, THE STATE
OF FLORIDA, INC.

      Defendants.

Case No. 2022-SC-002970
Judge Daryl Isenhower

## EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO RESCHEDULE PRETRIAL CONFERENCE

      COMES NOW the Defendant Experian Information Solutions, Inc. ("Experian"), by and

through its undersigned counsel and hereby states as follows:

    1.    Plaintiff Tamiko N. Peele filed this action on August 10, 2022. *See* Dk. 1.

    2.    Experian accepted service on August 16, 2022.

    3.    On August 18, 2022, undersigned counsel received notice that he would be representing

Experian in the present action.

4.      Undersigned counsel previously represented Experian in a similar action before this Court and the Honorable Judge Daryl Isenhower. *See Tamiko N. Peele v. Opensky et al.*, 2022-SC-001747 (Jun. 6, 2022).

5.      Plaintiff Tamiko N. Peele entered into a settlement agreement and release with Experian in that case that releases Experian from substantially all of the claims alleged in this action.

6.      While Experian plans to enforce the terms of that settlement agreement at the appropriate time, the undersigned respectfully submits this motion to reschedule the pretrial conference currently set for September 12, 2022.

7.      In support of good cause the undersigned states:

a.  The Court scheduled pretrial conference for September 12, 2022, at 8:30 a.m. *See* Dk. 40.

b.  The undersigned will be traveling internationally from September 9, 2022 to September 19, 2022 for an international lawyer's conference in Cambridge, England for which he was invited to present and speak at.

c.  All of the travel arrangements have been made and the undersigned's travel has been booked since May 1, 2022.

d.  This is the first request for a rescheduling of the pretrial conference, and the request is made in good faith and not for the purposes of delay or prejudice to any party.

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully asks the Court to reschedule the pretrial conference set for September 12, 2022 to any future date after September 19, 2022.

- 2 -

Dated: August 19, 2022

Respectfully submitted,

*/s/ Brian M. Trujillo*
Brian M. Trujillo
Fla. Bar No. 1025734
JONES DAY
600 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
Email: btrujillo@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 19, 2022, a true and correct copy of the foregoing document has been filed with the Court via the Florida e-Filing Portal. I also certify that the foregoing document is being served this day on *Pro Se* plaintiff via U.S. Mail at the address listed below:

Tamiko N. Peele
4001 SW Melbourne Street
Port St. Lucie, FL  34953

*Pro Se Plaintiff*

*/s/ Brian M. Trujillo*
Brian M. Trujillo

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

- 4 -

## SETTLEMENT AGREEMENT
## AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this 11th day of July, 2022, by and between Tamiko N. Peele ("Plaintiff") and Experian Information Solutions, Inc. ("Experian") (collectively, the "Parties").

### RECITALS

**WHEREAS**, there is now pending in the County Court of the Nineteenth Judicial Circuit In and For St. Lucie County, Florida an action captioned *Tamiko N Peele v. Experian Information Solutions, Inc.et al.*, Case No. 2022-SC-001747, in which Plaintiff alleges that Experian is liable for, among other things, reporting certain allegedly inaccurate information on Plaintiff's Experian credit report (the "Lawsuit"); and

**WHEREAS**, it is the desire of the Parties to resolve all disputes, asserted or unasserted, arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced by, or otherwise referred to at any time in the Lawsuit.

**NOW THEREFORE**, in consideration of the Recitals and mutual promises contained herein, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

### TERMS OF AGREEMENT

1.       Except for the rights and obligations created by this Agreement, Plaintiff for herself, and her heirs, executors, administrators, successors and assigns, hereby releases and forever discharges Experian, and its agents, servants, officers, directors, employees, shareholders, parents, subsidiaries, affiliates, attorneys, successors and assigns, none of whom admit any liability but all expressly deny liability, from any and all claims, demands, damages,

Page 1 of 6

actions, causes of action or suits of any kind or nature, known or unknown, now existing which are based directly or indirectly upon facts, events, transactions or occurrences related to, alleged, embraced by or otherwise referred to at any time in the Lawsuit.

2.     The Parties hereto further agree that this Agreement has been fully read and understood by them, and that each of them has received independent legal advice or has had the opportunity to receive independent legal advice from her or its respective attorney(s) as to the effect and import of its provisions.  The Parties further agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein, and that no party to this Agreement is the prevailing party, and that no party has the right to collect from the other party her or its costs, disbursements and/or attorneys' fees incurred in relation to the Lawsuit.

3.     Plaintiff warrants and represents that there has been no assignment, sale or transfer, by operation of law or otherwise, of any claim, right, or interest released herein.  If in fact Plaintiff has assigned, sold, or transferred, by operation of law or otherwise, any claim, right, or interest released herein, and any such claim, right, or interest is asserted against Experian, then Plaintiff agrees to indemnify, defend and hold harmless Experian from any claim, liability, or expense which may be incurred as a result of the assertion of any such claim, right, or interest.

4.     This Agreement shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of Experian of any claim, fault, liability or damages whatsoever.  Experian denies any and all wrongdoing of any kind whatsoever in connection with the Lawsuit and does not concede any infirmity in the defenses which it has asserted or intends to assert.  The Parties have reached the agreement reflected herein in order to avoid further

Page 2 of 6

expense, inconvenience and delay, and to dispose of what otherwise would be extremely expensive, burdensome and protracted litigation.

5.     Plaintiff has reviewed a copy of Plaintiff's Experian credit file dated July 11, 2022, a copy of which is attached hereto as Exhibit A.  Plaintiff states that she does not dispute the accuracy of any information appearing in the file except "ECMC" or "EDUCATIONAL CRED MGMT," reporting as account number ███████████

6.     As part of the consideration for Plaintiff's release, Experian has suppressed reporting of the OPENSKY CBNK account, reporting as account number ███████████ (the "OpenSky Account"), from Plaintiff's credit file, pending resolution of the litigation between Plaintiff and OpenSky, a Division of Capital Bank, N.A., Capital Bank, N.A., and Capital Bancorp. Inc.  This suppression is reflected in Exhibit A.  In the event a verdict, court ruling, or stipulation in settlement affecting the reporting of the OpenSky Account is entered, Experian will report the OpenSky Account in accordance with the terms of the verdict, court ruling, or stipulation in settlement.  Plaintiff will promptly notify Experian of any verdict, court ruling, or stipulation in settlement by sending a copy thereof to Experian's counsel Brian Trujillo at Jones Day, 600 Brickell Ave., Suite 3300, Miami, FL 33131.

7.     After receipt of a fully executed IRS Form W-9 from Plaintiff, Experian agrees to make a lump sum payment of $1,250.00 (one thousand two hundred and fifty dollars) to Plaintiff by delivery of a check or draft made payable to "Tamiko N. Peele," sent to Plaintiff, 4001 SW Melbourne Street, Port Saint Lucie, FL 34953.

8.     Within three (3) business days of receiving such payment, Plaintiff agrees to file a stipulation of dismissal with prejudice of the Lawsuit as to Experian or to file such other papers

Page 3 of 6

as are necessary to terminate the proceeding against Experian. Plaintiff further agrees to provide Experian with copies of all such papers including evidence of the final Order of Dismissal.

9.      The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily.

10.     Unless otherwise required by law or court order, Plaintiff agrees to keep this Agreement confidential, and not disclose the contents hereof; except that, when necessary to assert a due legal right, Plaintiff may file this Agreement with a court of competent jurisdiction under seal so that the contents are not revealed beyond disclosure to duly authorized court personnel such as judges and court clerks.

11.     This Agreement constitutes the sole and entire agreement between Plaintiff and Experian, and supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matter covered hereby. Plaintiff and Experian acknowledge that, in entering into this Agreement, they are not relying upon any representations or warranties made by anyone other than those terms and provisions expressly set forth in this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified or otherwise changed in any respect or particular whatsoever except by writing, duly executed by authorized representatives of Plaintiff and Experian, respectively. The Parties further acknowledge and agree that they will make no claim at any time or place that this Agreement has been orally supplemented, modified, or altered in any respect whatsoever.

12.     This Agreement is being made in and shall be deemed to be performed in the State of Florida and shall be governed by, construed, and enforced in accordance with the laws of the State of Florida without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws. Each of the Parties hereby consents to the jurisdiction of the

Page 4 of 6

state and federal courts located in the State of Florida with respect to any dispute relating to or arising out of this Agreement.

13.    In any action to enforce the terms of this Agreement (the "Enforcement Action"), including any action to recover damages for any violations herein including the confidentiality provisions of Paragraph 9 above, the prevailing party of the Enforcement Action shall be entitled to recover reasonable attorneys' fees and disbursements in addition to costs of suit.

14.    Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal provision, and the rights and obligations of the Parties shall be construed and enforced accordingly.

15.    This Agreement may be executed in counterparts.  Plaintiff's electronic signature through a secure process with an audit trail (e.g., Adobe Sign, DocuSign, HelloSign), or a copy of Plaintiff's handwritten signature, shall have the same force and effect as an original handwritten signature.

Page 5 of 6

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first indicated above.

Tamiko N. Peele

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

STATE OF Florida

COUNTY OF St Lucie

Subscribed and sworn to (or affirmed) before me on this 13 day of July, 20 22, by Tamiko Peele, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

My commission expires: Oct 21, 2023

Notary Public

SHUNTAVIOUS MCNEIL
Notary Public - State of Florida
Commission # GG 921954
My Comm. Expires Oct 21, 2023
Bonded through National Notary Assn.

Experian Information Solutions, Inc., an Ohio corporation

Ann Sterling
Ann Sterling (Jul 13, 2022 18:52 PDT)
Ann Sterling

Vice President and Associate General Counsel, Experian North America

Page 6 of 6

## SETTLEMENT AGREEMENT
## AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this ~~27~~11th day of ~~June~~July, 2022, by and between Tamiko N. Peele ("Plaintiff") and Experian Information Solutions, Inc. ("Experian") (collectively, the "Parties").

### RECITALS

**WHEREAS**, there is now pending in the County Court of the Nineteenth Judicial Circuit In and For St. Lucie County, Florida an action captioned *Tamiko N Peele v. Experian Information Solutions, Inc.et al.*, Case No. 2022-SC-001747, in which Plaintiff alleges that Experian is liable for, among other things, reporting certain allegedly inaccurate information on Plaintiff's Experian credit report (the "Lawsuit"); and

**WHEREAS**, it is the desire of the Parties to resolve all disputes, asserted or unasserted, arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced by, or otherwise referred to at any time in the Lawsuit.

**NOW THEREFORE**, in consideration of the Recitals and mutual promises contained herein, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

### TERMS OF AGREEMENT

1.      Except for the rights and obligations created by this Agreement, Plaintiff for herself, and her heirs, executors, administrators, successors and assigns, hereby releases and forever discharges Experian, and its agents, servants, officers, directors, employees, shareholders, parents, subsidiaries, affiliates, attorneys, successors and assigns, none of whom admit any liability but all expressly deny liability, from any and all claims, demands, damages,

Page 1 of 7

actions, causes of action or suits of any kind or nature, known or unknown, now existing which are based directly or indirectly upon facts, events, transactions or occurrences related to, alleged, embraced by or otherwise referred to at any time in the Lawsuit.

2.      The Parties hereto further agree that this Agreement has been fully read and understood by them, and that each of them has received independent legal advice or has had the opportunity to receive independent legal advice from her or its respective attorney(s) as to the effect and import of its provisions.  The Parties further agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein, and that no party to this Agreement is the prevailing party, and that no party has the right to collect from the other party her or its costs, disbursements and/or attorneys' fees incurred in relation to the Lawsuit.

3.      Plaintiff warrants and represents that there has been no assignment, sale or transfer, by operation of law or otherwise, of any claim, right, or interest released herein.  If in fact Plaintiff has assigned, sold, or transferred, by operation of law or otherwise, any claim, right, or interest released herein, and any such claim, right, or interest is asserted against Experian, then Plaintiff agrees to indemnify, defend and hold harmless Experian from any claim, liability, or expense which may be incurred as a result of the assertion of any such claim, right, or interest.

4.      This Agreement shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of Experian of any claim, fault, liability or damages whatsoever.  Experian denies any and all wrongdoing of any kind whatsoever in connection with the Lawsuit and does not concede any infirmity in the defenses which it has asserted or intends

Page 2 of 7

to assert.  The Parties have reached the agreement reflected herein in order to avoid further

expense, inconvenience and delay, and to dispose of what otherwise would be extremely

expensive, burdensome and protracted litigation.

5.     Plaintiff has reviewed a copy of Plaintiff's Experian credit file dated ~~June 27~~July

11, 2022, a copy of which is attached hereto as Exhibit A.  Plaintiff states that ~~all information~~

~~contained in that Experian credit file is accurate~~she does not dispute the accuracy of any

information appearing in the file except "ECMC" or "EDUCATIONAL CRED MGMT,"

reporting as account number ███████████

6.     As part of the consideration for Plaintiff's release, Experian has suppressed

reporting of the OPENSKY CBNK account, reporting as account number ███████████

(the "OpenSky Account"), from Plaintiff's credit file, pending resolution of the litigation

between Plaintiff and OpenSky, a Division of Capital Bank, N.A., Capital Bank, N.A., and

Capital Bancorp, Inc.  This suppression is reflected in Exhibit A.  In the event a verdict, court

ruling, or stipulation in settlement affecting the reporting of the OpenSky Account is entered,

Experian will report the OpenSky Account in accordance with the terms of the verdict, court

ruling, or stipulation in settlement.  Plaintiff will promptly notify Experian of any verdict, court

ruling, or stipulation in settlement by sending a copy thereof to Experian's counsel Brian Trujillo

at Jones Day, 600 Brickell Ave., Suite 3300, Miami, FL 33131.

6̶7.     After receipt of a fully executed IRS Form W-9 from Plaintiff, Experian agrees to

make a lump sum payment of $1,250.00 (one thousand two hundred and fifty dollars) to Plaintiff

by delivery of a check or draft made payable to "Tamiko N. Peele," sent to Plaintiff, 4001 SW

Melbourne Street, Port Saint Lucie, FL 34953.

St. Lucie County File Date: 12/06/2022 03:19 PM

~7~8.    Within three (3) business days of receiving such payment, Plaintiff agrees to file a stipulation of dismissal with prejudice of the Lawsuit as to Experian or to file such other papers as are necessary to terminate the proceeding against Experian.  Plaintiff further agrees to provide Experian with copies of all such papers including evidence of the final Order of Dismissal.

~8~9.    The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily.

~9~10.    Unless otherwise required by law or court order, Plaintiff agrees to keep this Agreement confidential, and not disclose the contents hereof; except that, when necessary to assert a due legal right, Plaintiff may file this Agreement with a court of competent jurisdiction under seal so that the contents are not revealed beyond disclosure to duly authorized court personnel such as judges and court clerks.

~10~11.    This Agreement constitutes the sole and entire agreement between Plaintiff and Experian, and supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matter covered hereby.  Plaintiff and Experian acknowledge that, in entering into this Agreement, they are not relying upon any representations or warranties made by anyone other than those terms and provisions expressly set forth in this Agreement.  It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified or otherwise changed in any respect or particular whatsoever except by writing, duly executed by authorized representatives of Plaintiff and Experian, respectively.  The Parties further acknowledge and agree that they will make no claim at any time or place that this Agreement has been orally supplemented, modified, or altered in any respect whatsoever.

~11~12.    This Agreement is being made in and shall be deemed to be performed in the State of Florida and shall be governed by, construed, and enforced in accordance with the laws

Page 4 of 7

of the State of Florida without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws. Each of the Parties hereby consents to the jurisdiction of the state and federal courts located in the State of Florida with respect to any dispute relating to or arising out of this Agreement.

12 13.  In any action to enforce the terms of this Agreement (the "Enforcement Action"), including any action to recover damages for any violations herein including the confidentiality provisions of Paragraph 9 above, the prevailing party of the Enforcement Action shall be entitled to recover reasonable attorneys' fees and disbursements in addition to costs of suit.

13 14.  Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal provision, and the rights and obligations of the Parties shall be construed and enforced accordingly.

14 15.  This Agreement may be executed in counterparts. Plaintiff's electronic signature through a secure process with an audit trail (e.g., Adobe Sign, DocuSign, HelloSign), or a copy of Plaintiff's handwritten signature, shall have the same force and effect as an original handwritten signature.

Page 5 of 7

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first indicated above.

_____
Tamiko N. Peele

+-----------------------------------------+
| A notary public or other officer completing |
| this certificate verifies only the identity of |
| the individual who signed the document to |
| which this certificate is attached, and not the |
| truthfulness, accuracy or validity of that |
| document. |
+-----------------------------------------+

STATE OF _____)
                              )
COUNTY OF _____)

    Subscribed and sworn to (or affirmed) before me on this ____ day of _____,

20____, by _____, proved to me on the basis of satisfactory evidence to

be the person(s) who appeared before me.

My commission expires:

_____
Notary Public

Experian Information Solutions, Inc.,
an Ohio corporation

By: _____
    Ann Sterling

Vice President and Associate General Counsel,
Experian North America

Page 6 of 7

| Summary report: Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 7/11/2022 4:41:00 PM | |
|---|---|
| **Style name:** JD Color | |
| **Intelligent Table Comparison:** Inactive | |
| **Original DMS:** iw://NAI/NAI/1531945236/1 | |
| **Modified DMS:** iw://NAI/NAI/1531945236/2 | |
| **Changes:** | |
| Add | 14 |
| ~~Delete~~ | 13 |
| ~~Move From~~ | 0 |
| Move To | 0 |
| Table Insert | 0 |
| ~~Table Delete~~ | 0 |
| Table moves to | 0 |
| ~~Table moves from~~ | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 27 |

## SETTLEMENT AGREEMENT
## AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this 27 day of June,

2022, by and between Tamiko N. Peele ("Plaintiff") and Experian Information Solutions, Inc.

("Experian") (collectively, the "Parties").

### RECITALS

**WHEREAS**, there is now pending in the County Court of the Nineteenth Judicial Circuit

In and For St. Lucie County, Florida an action captioned *Tamiko N Peele v. Experian*

*Information Solutions, Inc.et al.*, Case No. 2022-SC-001747, in which Plaintiff alleges that

Experian is liable for, among other things, reporting certain allegedly inaccurate information on

Plaintiff's Experian credit report (the "Lawsuit"); and

**WHEREAS**, it is the desire of the Parties to resolve all disputes, asserted or unasserted,

arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations,

facts, events, transactions, occurrences or other matters set forth, alleged, embraced by, or

otherwise referred to at any time in the Lawsuit.

**NOW THEREFORE**, in consideration of the Recitals and mutual promises contained

herein, and for other good and valuable consideration hereby deemed received, the Parties agree

as follows:

### TERMS OF AGREEMENT

1.       Except for the rights and obligations created by this Agreement, Plaintiff for

herself, and her heirs, executors, administrators, successors and assigns, hereby releases and

forever discharges Experian, and its agents, servants, officers, directors, employees,

shareholders, parents, subsidiaries, affiliates, attorneys, successors and assigns, none of whom

admit any liability but all expressly deny liability, from any and all claims, demands, damages,

Page 1 of 6

actions, causes of action or suits of any kind or nature, known or unknown, now existing which are based directly or indirectly upon facts, events, transactions or occurrences related to, alleged, embraced by or otherwise referred to at any time in the Lawsuit.

2.      The Parties hereto further agree that this Agreement has been fully read and understood by them, and that each of them has received independent legal advice or has had the opportunity to receive independent legal advice from her or its respective attorney(s) as to the effect and import of its provisions.  The Parties further agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein, and that no party to this Agreement is the prevailing party, and that no party has the right to collect from the other party her or its costs, disbursements and/or attorneys' fees incurred in relation to the Lawsuit.

3.      Plaintiff warrants and represents that there has been no assignment, sale or transfer, by operation of law or otherwise, of any claim, right, or interest released herein.  If in fact Plaintiff has assigned, sold, or transferred, by operation of law or otherwise, any claim, right, or interest released herein, and any such claim, right, or interest is asserted against Experian, then Plaintiff agrees to indemnify, defend and hold harmless Experian from any claim, liability, or expense which may be incurred as a result of the assertion of any such claim, right, or interest.

4.      This Agreement shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of Experian of any claim, fault, liability or damages whatsoever.  Experian denies any and all wrongdoing of any kind whatsoever in connection with the Lawsuit and does not concede any infirmity in the defenses which it has asserted or intends to assert.  The Parties have reached the agreement reflected herein in order to avoid further

Page 2 of 6

expense, inconvenience and delay, and to dispose of what otherwise would be extremely expense, burdensome and protracted litigation.

5.    Plaintiff has reviewed a copy of Plaintiff's Experian credit file dated June 27, 2022, a copy of which is attached hereto as Exhibit A.  Plaintiff states that all information contained in that Experian credit file is accurate.

6.    After receipt of a fully executed IRS Form W-9 from Plaintiff, Experian agrees to make a lump sum payment of $1,250.00 (one thousand two hundred and fifty dollars) to Plaintiff by delivery of a check or draft made payable to "Tamiko N. Peele," sent to Plaintiff, 4001 SW Melbourne Street, Port Saint Lucie, FL 34953.

7.    Within three (3) business days of receiving such payment, Plaintiff agrees to file a stipulation of dismissal with prejudice of the Lawsuit as to Experian or to file such other papers as are necessary to terminate the proceeding against Experian.  Plaintiff further agrees to provide Experian with copies of all such papers including evidence of the final Order of Dismissal.

8.    The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily.

9.    Unless otherwise required by law or court order, Plaintiff agrees to keep this Agreement confidential, and not disclose the contents hereof; except that, when necessary to assert a due legal right, Plaintiff may file this Agreement with a court of competent jurisdiction under seal so that the contents are not revealed beyond disclosure to duly authorized court personnel such as judges and court clerks.

10.    This Agreement constitutes the sole and entire agreement between Plaintiff and Experian, and supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matter covered hereby.  Plaintiff and Experian acknowledge that, in

Page 3 of 6

St. Lucie County File Date: 12/06/2022 03:19 PM

entering into this Agreement, they are not relying upon any representations or warranties made by anyone other than those terms and provisions expressly set forth in this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified or otherwise changed in any respect or particular whatsoever except by writing, duly executed by authorized representatives of Plaintiff and Experian, respectively. The Parties further acknowledge and agree that they will make no claim at any time or place that this Agreement has been orally supplemented, modified, or altered in any respect whatsoever.

11.     This Agreement is being made in and shall be deemed to be performed in the State of Florida and shall be governed by, construed, and enforced in accordance with the laws of the State of Florida without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws. Each of the Parties hereby consents to the jurisdiction of the state and federal courts located in the State of Florida with respect to any dispute relating to or arising out of this Agreement.

12.     In any action to enforce the terms of this Agreement (the "Enforcement Action"), including any action to recover damages for any violations herein including the confidentiality provisions of Paragraph 9 above, the prevailing party of the Enforcement Action shall be entitled to recover reasonable attorneys' fees and disbursements in addition to costs of suit.

13.     Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal provision, and the rights and obligations of the Parties shall be construed and enforced accordingly.

14.     This Agreement may be executed in counterparts. Plaintiff's electronic signature through a secure process with an audit trail (e.g., Adobe Sign, DocuSign, HelloSign), or a copy

Page 4 of 6

of Plaintiff's handwritten signature, shall have the same force and effect as an original

handwritten signature.

Page 5 of 6

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first

indicated above.

_____

Tamiko N. Peele

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document. |
| --- |

STATE OF _____)
                                                       )
COUNTY OF _____)

          Subscribed and sworn to (or affirmed) before me on this _____ day of _____,

20____, by _____, proved to me on the basis of satisfactory evidence to

be the person(s) who appeared before me.

My commission expires:

_____

Notary Public


Experian Information Solutions, Inc.,
an Ohio corporation


By: _____
       Ann Sterling

Vice President and Associate General Counsel,
Experian North America

Page 6 of 6

## SETTLEMENT AGREEMENT
## AND RELEASE

This Settlement Agreement and Release ("Agreement") is made this 11th day of July, 2022, by and between Tamiko N. Peele ("Plaintiff") and Experian Information Solutions, Inc. ("Experian") (collectively, the "Parties").

## RECITALS

**WHEREAS**, there is now pending in the County Court of the Nineteenth Judicial Circuit In and For St. Lucie County, Florida an action captioned *Tamiko N Peele v. Experian Information Solutions, Inc.et al.*, Case No. 2022-SC-001747, in which Plaintiff alleges that Experian is liable for, among other things, reporting certain allegedly inaccurate information on Plaintiff's Experian credit report (the "Lawsuit"); and

**WHEREAS**, it is the desire of the Parties to resolve all disputes, asserted or unasserted, arising out of, or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced by, or otherwise referred to at any time in the Lawsuit.

**NOW THEREFORE**, in consideration of the Recitals and mutual promises contained herein, and for other good and valuable consideration hereby deemed received, the Parties agree as follows:

## TERMS OF AGREEMENT

1.    Except for the rights and obligations created by this Agreement, Plaintiff for herself, and her heirs, executors, administrators, successors and assigns, hereby releases and forever discharges Experian, and its agents, servants, officers, directors, employees, shareholders, parents, subsidiaries, affiliates, attorneys, successors and assigns, none of whom admit any liability but all expressly deny liability, from any and all claims, demands, damages,

Page 1 of 6

actions, causes of action or suits of any kind or nature, known or unknown, now existing which are based directly or indirectly upon facts, events, transactions or occurrences related to, alleged, embraced by or otherwise referred to at any time in the Lawsuit.

2.      The Parties hereto further agree that this Agreement has been fully read and understood by them, and that each of them has received independent legal advice or has had the opportunity to receive independent legal advice from her or its respective attorney(s) as to the effect and import of its provisions. The Parties further agree that this Agreement is being entered into for the express purpose and intention of making and entering into a full and final compromise, adjustment and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein, and that no party to this Agreement is the prevailing party, and that no party has the right to collect from the other party her or its costs, disbursements and/or attorneys' fees incurred in relation to the Lawsuit.

3.      Plaintiff warrants and represents that there has been no assignment, sale or transfer, by operation of law or otherwise, of any claim, right, or interest released herein. If in fact Plaintiff has assigned, sold, or transferred, by operation of law or otherwise, any claim, right, or interest released herein, and any such claim, right, or interest is asserted against Experian, then Plaintiff agrees to indemnify, defend and hold harmless Experian from any claim, liability, or expense which may be incurred as a result of the assertion of any such claim, right, or interest.

4.      This Agreement shall in no event be construed as or be deemed to be evidence of an admission or concession on the part of Experian of any claim, fault, liability or damages whatsoever. Experian denies any and all wrongdoing of any kind whatsoever in connection with the Lawsuit and does not concede any infirmity in the defenses which it has asserted or intends to assert. The Parties have reached the agreement reflected herein in order to avoid further

Page 2 of 6

expense, inconvenience and delay, and to dispose of what otherwise would be extremely expensive, burdensome and protracted litigation.

5.    Plaintiff has reviewed a copy of Plaintiff's Experian credit file dated July 11, 2022, a copy of which is attached hereto as Exhibit A.  Plaintiff states that she does not dispute the accuracy of any information appearing in the file except "ECMC" or "EDUCATIONAL CRED MGMT," reporting as account number ███████████

6.    As part of the consideration for Plaintiff's release, Experian has suppressed reporting of the OPENSKY CBNK account, reporting as account number ███████████ (the "OpenSky Account"), from Plaintiff's credit file, pending resolution of the litigation between Plaintiff and OpenSky, a Division of Capital Bank, N.A., Capital Bank, N.A., and Capital Bancorp. Inc.  This suppression is reflected in Exhibit A.  In the event a verdict, court ruling, or stipulation in settlement affecting the reporting of the OpenSky Account is entered, Experian will report the OpenSky Account in accordance with the terms of the verdict, court ruling, or stipulation in settlement.  Plaintiff will promptly notify Experian of any verdict, court ruling, or stipulation in settlement by sending a copy thereof to Experian's counsel Brian Trujillo at Jones Day, 600 Brickell Ave., Suite 3300, Miami, FL 33131.

7.    After receipt of a fully executed IRS Form W-9 from Plaintiff, Experian agrees to make a lump sum payment of $1,250.00 (one thousand two hundred and fifty dollars) to Plaintiff by delivery of a check or draft made payable to "Tamiko N. Peele," sent to Plaintiff, 4001 SW Melbourne Street, Port Saint Lucie, FL 34953.

8.    Within three (3) business days of receiving such payment, Plaintiff agrees to file a stipulation of dismissal with prejudice of the Lawsuit as to Experian or to file such other papers

Page 3 of 6

as are necessary to terminate the proceeding against Experian. Plaintiff further agrees to provide Experian with copies of all such papers including evidence of the final Order of Dismissal.

9.      The Parties agree that this Agreement constitutes a good faith settlement of the Lawsuit and acknowledge that it is entered into freely and voluntarily.

10.     Unless otherwise required by law or court order, Plaintiff agrees to keep this Agreement confidential, and not disclose the contents hereof; except that, when necessary to assert a due legal right, Plaintiff may file this Agreement with a court of competent jurisdiction under seal so that the contents are not revealed beyond disclosure to duly authorized court personnel such as judges and court clerks.

11.     This Agreement constitutes the sole and entire agreement between Plaintiff and Experian, and supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matter covered hereby. Plaintiff and Experian acknowledge that, in entering into this Agreement, they are not relying upon any representations or warranties made by anyone other than those terms and provisions expressly set forth in this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, waived, modified or otherwise changed in any respect or particular whatsoever except by writing, duly executed by authorized representatives of Plaintiff and Experian, respectively. The Parties further acknowledge and agree that they will make no claim at any time or place that this Agreement has been orally supplemented, modified, or altered in any respect whatsoever.

12.     This Agreement is being made in and shall be deemed to be performed in the State of Florida and shall be governed by, construed, and enforced in accordance with the laws of the State of Florida without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws. Each of the Parties hereby consents to the jurisdiction of the

Page 4 of 6

state and federal courts located in the State of Florida with respect to any dispute relating to or arising out of this Agreement.

13.    In any action to enforce the terms of this Agreement (the "Enforcement Action"), including any action to recover damages for any violations herein including the confidentiality provisions of Paragraph 9 above, the prevailing party of the Enforcement Action shall be entitled to recover reasonable attorneys' fees and disbursements in addition to costs of suit.

14.    Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal provision, and the rights and obligations of the Parties shall be construed and enforced accordingly.

15.    This Agreement may be executed in counterparts.  Plaintiff's electronic signature through a secure process with an audit trail (e.g., Adobe Sign, DocuSign, HelloSign), or a copy of Plaintiff's handwritten signature, shall have the same force and effect as an original handwritten signature.

IN WITNESS WHEREOF, this Agreement is executed as of the date and year first indicated above.

_____
Tamiko N. Peele

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

STATE OF _____)
                                )
COUNTY OF _____)

Subscribed and sworn to (or affirmed) before me on this ____ day of _____,

20____, by _____, proved to me on the basis of satisfactory evidence to

be the person(s) who appeared before me.

My commission expires:

_____
Notary Public

Experian Information Solutions, Inc.,
an Ohio corporation

By: _____
     Ann Sterling

Vice President and Associate General Counsel,
Experian North America

Page 6 of 6

# EXHIBIT C

Peele, Tamiko v. Trans Union

From:   Jibril Greene (jgreene@qslwm.com)

To:     miko469@yahoo.com

Cc:     walkerlegalw@yahoo.com; swright@qslwm.com

Date:   Thursday, September 1, 2022 at 02:22 PM EDT

Hello Tamiko,

My name is Jibril Greene, I am representing Trans Union in the above-referenced lawsuit. Are you agreeable to a 60 day extension for Trans Union to answer or otherwise respond to your original complaint? Thanks.

Regards,

Jibril

**Jibril Greene**
Attorney at Law



214-871-2100 (Main)
214-560-5465 (Direct)
214-871-2111 (Fax)

**Quilling, Selander, Lownds,
Winslett & Moser, P.C.,**
6900 N. Dallas Parkway
Suite 800
Plano, TX 75024
E-mail: jgreene@qslwm.com
Website: www.qslwm.com

RE: Tamiko N Peele vs. Opensky, et al; 562022SC001747AXXXHC

From: Long, Charlotte (charlotte.long@transunion.com)

To:      walkerlegalw@yahoo.com

Date:  Friday, July 1, 2022 at 11:12 AM EDT

Ms. Peele,

Thank you for the call this morning and for confirming that we are settled. As promised, please see attached Settlement Agreement, Exhibit A, W-9 form, Stipulation of Dismissal and Proposed Order. In order to process payment, I need the Settlement agreement and W-9 signed. In order to finalize the case, I need the Stipulation of Dismissal signed. Please return all the signed documents at your convenience. We discussed that you would be sending me the signed documents on Tuesday, so I will be anticipating a response then. However, please let me know if anything comes up. Thank you and have a wonderful holiday weekend!

Sincerely,

**Charlotte A. Long**

Senior Counsel

Legal

M: 469-578-1464

Charlotte.Long@transunion.com



555 W. Adams Street

Chicago, IL 60661

transunion.com

This email including, without limitation, the attachments, if any, accompanying this email, may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is for the use of the intended recipient. If you are not the intended recipient, be aware that any disclosure, copying, distribution, review or use of the contents of this email, and/or its attachments, is without authorization and is prohibited. If you have received this email in error, please notify us by reply email immediately and destroy all copies of this email and its attachments.

**From:** Long, Charlotte
**Sent:** Friday, July 1, 2022 8:18 AM
**To:** 'Rob Rob' <walkerlegalw@yahoo.com>
**Subject:** RE: Tamiko N Peele vs. Opensky, et al; 562022SC001747AXXXHC

Ms. Peele,

I attempted to call you this morning, but was unable to reach you. I left a detailed voice-message letting you know that I was following up on the settlement agreement. Please confirm that you accept the terms or call me back to discuss Exhibit A (the consumer disclosure). The offer expires next week on July 5, 2022. Thank you.

Sincerely,

**Charlotte A. Long**

Senior Counsel

Legal

M: 469-578-1464

Charlotte.Long@transunion.com



555 W. Adams Street

Chicago, IL 60661

transunion.com

This email including, without limitation, the attachments, if any, accompanying this email, may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is for the use of the intended recipient. If you are not the intended recipient, be aware that any disclosure, copying, distribution, review or use of the contents of this email, and/or its attachments, is without authorization and is prohibited. If you have received this email in error, please notify us by reply email immediately and destroy all copies of this email and its attachments.

**From:** Rob Rob <walkerlegalw@yahoo.com>
**Sent:** Tuesday, June 28, 2022 3:44 PM
**To:** Long, Charlotte <Charlotte.Long@transunion.com>
**Cc:** Walk Walk <walkerlegalw@yahoo.com>
**Subject:** Re: Tamiko N Peele vs. Opensky, et al; 562022SC001747AXXXHC

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you can confirm the sender and know the content is safe.

St. Lucie County File Date: 12/06/2022 03:19 PM

Mrs. Long,

I received the proposed settlement, however wanted to ensure that before any acceptance there was no other situation under those files as it seems to be a situation with ECMC that appeared *after Litigation,* that I have no Business with as far as the alleged Student loan were discharged on or about 2018 with Wells Fargo. Nelnet. To ensure that the Resolution stays on track we can talk on Friday in the a.m. Whatever works I'm available.

Mrs. Tamiko N Peele

On Tuesday, June 28, 2022 at 11:14:03 AM EDT, Long, Charlotte <charlotte.long@transunion.com> wrote:

Ms. Peele,

Trans Union recently received a call from you regarding a callback request about your credit file and initiating a dispute. Please let me know when you are free to discuss your request.

Sincerely,

**Charlotte A. Long**

Senior Counsel

Legal

M: 469-578-1464

Charlotte.Long@transunion.com

TransUnion.

555 W. Adams Street

Chicago, IL 60661

transunion.com

This email including, without limitation, the attachments, if any, accompanying this email, may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is for the use of the intended recipient. If you are not the intended recipient, be aware that

St. Lucie County File Date: 12/06/2022 03:19 PM

any disclosure, copying, distribution, review or use of the contents of this email, and/or its attachments, is without authorization and is prohibited. If you have received this email in error, please notify us by reply email immediately and destroy all copies of this email and its attachments.

---

**From:** Long, Charlotte
**Sent:** Monday, June 27, 2022 1:02 PM
**To:** 'Rob Rob' <walkerlegalw@yahoo.com>
**Subject:** RE: Tamiko N Peele vs. Opensky, et al; 562022SC001747AXXXHC

Ms. Peele,

Thank you for the call earlier today. At this time, I am able to offer $400 in exchange for dismissal of Trans Union. Upon your agreement to settle, I will send you the six (6) consumer disclosures that we discussed over the phone. In anticipation of settling the case and in order to get to resolution faster, I have already updated the Opensky account to remove any late payment history.

If you agree to the offer, you must also agree to the terms below. These terms are not negotiable and you must agree to these terms.

### TERMS OF AGREEMENT

1.      Nothing contained herein is to be construed as an admission by any of the Parties with respect to the claims asserted in the Lawsuit. The Parties agree that they have entered into this Agreement in compromise of a disputed claim to avoid further expense and protracted litigation, and that such compromise is not an admission of any liability or wrongdoing by any of the Parties.

2.      The Parties agree to settle the Lawsuit, and all other disputes between them that could have been asserted in the Lawsuit against Trans Union for a total payment to Plaintiff of Four Hundred and no/100 Dollars ($400.00), inclusive of all costs and attorneys' fees (the "Settlement Amount"). The Parties agree that time is of the essence in finalizing settlement. Plaintiff agrees to return the signed Agreement and executed W-9 forms to Trans Union's counsel within thirty (30) days of receipt of this Agreement. Plaintiff understands that it is a breach of this material term if the signed Agreement and executed W-9 forms are not returned to Trans Union's counsel consistent with the provisions of this paragraph. This settlement is between Plaintiff and Trans Union only.

3.      The Parties agree to jointly cause to be filed agreed orders and/or stipulations of dismissal of the Lawsuit, *with prejudice*, as settled, with each party bearing its own costs and attorneys' fees, all of the claims advanced by Plaintiff against Trans Union.

4.      Except for the rights and obligations created by this Agreement, Plaintiff, for himself, his heirs, executors, administrators, successors and assigns, hereby releases and forever discharges Trans Union, its parents, subsidiaries and affiliated companies, insurers, and each of its respective current, former and future agents, servants, officers, directors, employees, shareholders, attorneys, successors and assigns, none of whom admit any liability but all of whom expressly deny any liability, from any and all claims, demands, damages,

St. Lucie County File Date: 12/06/2022 03:19 PM

actions, causes of action or suits of any kind or nature, known or unknown, which Plaintiff had, now has, or may have, on account of, arising out of, based upon or in any manner connected with, any matter, cause or thing whatsoever at any time up to and including the date of execution of this Agreement, including, but not limited to, any claim for attorneys' fees or costs or any claim based directly or indirectly upon facts, events, transactions or occurrences related, alleged, embraced by or otherwise referred to at any time in the Lawsuit or which could have been asserted in the Lawsuit or which relate in any manner to Plaintiff's credit history information as reported by Trans Union, or the furnishing of such information by Trans Union to any third parties, prior to the execution of this Agreement.

5.      Plaintiff acknowledges that he has reviewed the copy of his Trans Union consumer disclosure attached hereto as **Exhibit A** (the "Disclosure") and Plaintiff agrees that all information contained within the Disclosure is accurate and will not provide the basis for any future claims against Trans Union.

6.      Trans Union acknowledges that it has updated in its credit file the Opensky account (the "Account") under the subscriber codes and account numbers with which it has been associated in Trans Union's database in the past.  If the Account, or any information associated with the Account, is reported differently to Trans Union by other entities, under different subscriber codes, under different account numbers or otherwise, Trans Union will delete the item(s) within thirty (30) days of receiving notice of the item's(s') appearance by Plaintiff to Trans Union's counsel.  Plaintiff agrees not to bring any legal action against Trans Union should Trans Union timely address the matter as detailed above.

7.      Plaintiff signing below agrees not to disclose or cause to be disclosed directly or indirectly, to any other person, other than Plaintiff's own legal or financial advisors, or as required by law, any information regarding the terms of, or circumstances underlying, this Agreement.  Plaintiff signing below agrees that it is a breach of this Agreement to publicize, in any form, any charge or claim which is the subject of this Lawsuit and which relates to Plaintiff, including alleged unlawful conduct by Trans Union or any of its respective employees, officers, directors, agents or attorneys, consistent with the general release contained in this Agreement.

8.      Plaintiff agrees to execute and return IRS Form W-9s before Trans Union is required to tender the Settlement Amount.

9.      This Agreement is binding upon and inures to the benefit of each of the Parties, and their respective heirs, next of kin, executors, administrators, successors, assigns, officers, directors, shareholders, employees and agents.

10.     The undersigned has carefully read and does understand this Agreement.  The undersigned agrees voluntarily and with informed consent to this Agreement.

11.     If any provision of this Agreement shall be held invalid by operation of law or by any court of competent jurisdiction, the remainder of this Agreement shall remain in full force and effect, and may be independently enforced to the fullest extent permitted by law.

12.     Plaintiff agrees that Trans Union may recover any and all reasonable attorneys' fees, costs, and expenses incurred in enforcing any term of this Agreement or for breach thereof in addition to any other damages to which Trans Union may be entitled.

13.     This Agreement contains the entire agreement of the Parties and supersedes any and all prior negotiations, agreements or understandings, written or oral with respect to the settlement of this matter.  Each Party warrants to the other that no promises or inducements for this Agreement have been made except as herein set forth.

14.     This Agreement is the result of negotiations between the Parties and no Party shall be deemed to be the drafter of this Agreement.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.

**Charlotte A. Long**

Senior Counsel

Legal

M: 469-578-1464

Charlotte.Long@transunion.com



555 W. Adams Street

Chicago, IL 60661

transunion.com

This email including, without limitation, the attachments, if any, accompanying this email, may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is for the use of the intended recipient. If you are not the intended recipient, be aware that any disclosure, copying, distribution, review or use of the contents of this email, and/or its attachments, is without authorization and is prohibited. If you have received this email in error, please notify us by reply email immediately and destroy all copies of this email and its attachments.

**From:** Rob Rob <walkerlegalw@yahoo.com>
**Sent:** Sunday, June 26, 2022 9:31 AM
**To:** Long, Charlotte <Charlotte.Long@transunion.com>
**Cc:** Walk Walk <walkerlegalw@yahoo.com>
**Subject:** Re: Tamiko N Peele vs. Opensky, et al; 562022SC001747AXXXHC

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you can confirm the sender and know the content is safe.

Good Day,

In Receipt of your email(s). I want to say your client was served on the 14th of June 2022, making the answer due on or about the 4th of July 2022 with discovery, interrogates and admission to follow assuming that there is no Removal. With that being said I do not object to the Meet and Confer to see if there is any chance if any negotiations regarding settlements but not limited to. I am available in person today the 27th of June 2022 at :1030 a.m. When time permits you can email and or call and I will be available. Have a Great day.

Mrs. Tamiko N Peele

On Friday, June 24, 2022, 01:49:19 PM EDT, Long, Charlotte <charlotte.long@transunion.com> wrote:

Ms. Peele,

Thank you for returning my call this morning. We will discuss the possibility of resolution of the above mentioned claim on Monday at 10:30 EST. Please see below for my contact information.

Sincerely,

**Charlotte A. Long**

Senior Counsel

Legal

M: 469-578-1464

Charlotte.Long@transunion.com

TransUnion

555 W. Adams Street

Chicago, IL 60661

transunion.com

St. Lucie County File Date: 12/06/2022 03:19 PM

This email including, without limitation, the attachments, if any, accompanying this email, may contain information which is confidential or privileged and exempt from disclosure under applicable law. The information is for the use of the intended recipient. If you are not the intended recipient, be aware that any disclosure, copying, distribution, review or use of the contents of this email, and/or its attachments, is without authorization and is prohibited. If you have received this email in error, please notify us by reply email immediately and destroy all copies of this email and its attachments.

 Peele, Tamiko - Proposed Order of Dismissal.docx
18.7kB

 Peele, Tamiko - Stipulation of Dismissal (003).docx
20.1kB

 Peele, Tamiko - W9.pdf
231.8kB

 Peele, Tamiko - Settlement Agreement.pdf
269.4kB

 Peele, Tamiko - Exhibit A.pdf
607.3kB

 Peele, Tamiko - Stipulation of Dismissal.pdf
521.3kB

IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
IN AND FOR COUNTY OF ST.
LUCIE, STATE OF FLORIDA

CASE NO.  2022SC001747

TAMIKO N PEELE and
TAMIKE N PEELE, Individually and
on behalf of themselves,

        Plaintiff,

v.

OPENSKY, A Division of Capital
Bank N.A.; CAPITAL BANK, N.A.;
CAPITAL BANCORP, INC.;
EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION
LLC; and EQUIFAX INC.;

_____Defendants._____/

## STIPULATION FOR DISMISSAL WITH PREJUDICE
## AS TO DEFENDANT TRANS UNION, LLC

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff and Defendant, Trans Union LLC, that all claims by Plaintiff against Defendant Trans Union LLC, shall be dismissed with prejudice, in entirety and without an award of costs, disbursements or attorneys' fees to either Plaintiff or Defendant.

1

Respectfully submitted,

_____
Charlotte Long, Esq.
Florida Bar No. 0112517
charlotte.long@transunion.com
Trans Union, LLC
555 W. Adams Street
Chicago, IL  60661
Telephone:  317-902-9640
**_Counsel for Defendant Trans Union,_**
**_LLC_**

_____
Tamiko N. Peele
4001 SW Melbourne Street
Port Saint Lucie, FL  34953

**_Pro Se Plaintiff_**

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been electronically filed on the _____ **day of July, 2022**.  Notice of this filing will be sent to the following parties by E-Mail[1] and/or First Class, U.S. Mail, postage prepaid, on the _____ **day of July, 2022**, properly addressed as follows:

| | |
|---|---|
| Tamiko N. Peele<br>4001 SW Melbourne Street<br>Port Saint Lucie, FL  34953 | |

/s/ _____
Charlotte Long, Esq.

---

[1] Pro Se Plaintiff was e-mailed a copy of the filed document with a request to accept service via e-mail. If Plaintiff objected to service via e-mail, the document was also sent via mail.

3

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered by and between TAMIKO N. PEELE (the "Plaintiff") and TRANS UNION, LLC ("Trans Union") (Plaintiff and Trans Union, collectively, the "Parties").

### BACKGROUND

A.       Plaintiff has pending a civil action in the County Court in and for St. Lucie County, Florida, Case No. 562022SC001747AXXXHC (the "Lawsuit").

B.       It is the desire of the Parties to resolve all disputes, asserted or unasserted, arising out of, or in any way related to any acts, failures to act, omissions, facts, events, misrepresentations, transactions, occurrences, or other matters set forth, alleged, embraced by, or otherwise referred to at any time in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants, promises and agreements contained in this Agreement, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

### TERMS OF AGREEMENT

1.       Nothing contained herein is to be construed as an admission by any of the Parties with respect to the claims asserted in the Lawsuit.  The Parties agree that they have entered into this Agreement in compromise of a disputed claim to avoid further expense and protracted litigation, and that such compromise is not an admission of any liability or wrongdoing by any of the Parties.

2.       The Parties agree to settle the Lawsuit, and all other disputes between them that could have been asserted in the Lawsuit against Trans Union for a total payment to Plaintiff of Four Hundred and no/100 Dollars ($400.00), inclusive of all costs and attorneys' fees (the "Settlement Amount").   The Parties agree that time is of the essence in finalizing settlement. Plaintiff agrees to return the signed Agreement and executed W-9 forms to Trans Union's counsel within thirty (30) days of receipt of this Agreement.  Plaintiff understands that it is a breach of this material term if the signed Agreement and executed W-9 forms are not returned to Trans Union's counsel consistent with the provisions of this paragraph.  This settlement is between Plaintiff and Trans Union only.

3.       The Parties agree to jointly cause to be filed agreed orders and/or stipulations of dismissal of the Lawsuit, *with prejudice*, as settled, with each party bearing its own costs and attorneys' fees, all of the claims advanced by Plaintiff against Trans Union.

4.       Except for the rights and obligations created by this Agreement, Plaintiff, for herself, her heirs, executors, administrators, successors and assigns, hereby releases and forever

discharges Trans Union, its parents, subsidiaries and affiliated companies, insurers, and each of its respective current, former and future agents, servants, officers, directors, employees, shareholders, attorneys, successors and assigns, none of whom admit any liability but all of whom expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, which Plaintiff had, now has, or may have, on account of, arising out of, based upon or in any manner connected with, any matter, cause or thing whatsoever at any time up to and including the date of execution of this Agreement, including, but not limited to, any claim for attorneys' fees or costs or any claim based directly or indirectly upon facts, events, transactions or occurrences related, alleged, embraced by or otherwise referred to at any time in the Lawsuit or which could have been asserted in the Lawsuit or which relate in any manner to Plaintiff's credit history information as reported by Trans Union, or the furnishing of such information by Trans Union to any third parties, prior to the execution of this Agreement.

5.      Plaintiff acknowledges that she has reviewed the copy of her Trans Union consumer disclosure, dated June 27, 2022, attached hereto as **Exhibit A** (the "Disclosure") and Plaintiff agrees that all information contained within the Disclosure will not provide the basis for any future claims against Trans Union.

6.      Plaintiff signing below agrees not to disclose or cause to be disclosed directly or indirectly, to any other person, other than Plaintiff's own legal or financial advisors, or as required by law, any information regarding the terms of, or circumstances underlying, this Agreement. Plaintiff signing below agrees that it is a breach of this Agreement to publicize, in any form, any charge or claim which is the subject of this Lawsuit and which relates to Plaintiff, including alleged unlawful conduct by Trans Union or any of its respective employees, officers, directors, agents or attorneys, consistent with the general release contained in this Agreement.

7.      Plaintiff agrees to execute and return IRS Form W-9s before Trans Union is required to tender the Settlement Amount.

8.      This Agreement is binding upon and inures to the benefit of each of the Parties, and their respective heirs, next of kin, executors, administrators, successors, assigns, officers, directors, shareholders, employees and agents.

9.      The undersigned has carefully read and does understand this Agreement.   The undersigned agrees voluntarily and with informed consent to this Agreement.

10.     If any provision of this Agreement shall be held invalid by operation of law or by any court of competent jurisdiction, the remainder of this Agreement shall remain in full force and effect, and may be independently enforced to the fullest extent permitted by law.

11.     Plaintiff agrees that Trans Union may recover any and all reasonable attorneys' fees, costs, and expenses incurred in enforcing any term of this Agreement or for breach thereof in addition to any other damages to which Trans Union may be entitled.

12.     This Agreement contains the entire agreement of the Parties and supersedes any and all prior negotiations, agreements or understandings, written or oral with respect to the

St. Lucie County File Date: 12/06/2022 03:19 PM

settlement of this matter.  Each Party warrants to the other that no promises or inducements for this Agreement have been made except as herein set forth.

13.    This Agreement is the result of negotiations between the Parties and no Party shall be deemed to be the drafter of this Agreement.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party.

AGREED AND ENTERED INTO AS OF THE EARLIEST DATE INDICATED BELOW.

**"Plaintiff"**


_____
Tamiko N. Peele


_____
Date

St. Lucie County File Date: 12/06/2022 03:19 PM

**File Number:** 310406769
**Date Issued:** 06/27/2022

# Exhibit A

TransUnion.

**OPENSKY CAPITAL BANK NA #462192200137****** ( PO BOX 8130, RESTON, VA 20195, (800) 859-6412 )

| | |
|---|---|
| Date Opened: | 01/22/2021 |
| Responsibility: | Individual Account |
| Account Type: | Revolving Account |
| Loan Type: | CREDIT CARD |

| | |
|---|---|
| Balance: | $0 |
| Date Updated: | 06/17/2022 |
| Payment Received: | $100 |
| Last Payment Made: | 04/25/2022 |
| High Balance: | $109 |
| Credit Limit: | $400 |

| | |
|---|---|
| Pay Status: | Paid, Closed; was Paid as agreed |
| Terms: | Paid Monthly |
| Date Closed: | 04/26/2022 |
| Date Paid: | 04/25/2022 |

Remarks: ACCOUNT CLOSED BY CONSUMER; CLOSED

| | 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 05/2021 | 04/2021 | 03/2021 | 02/2021 |
|---|---|---|---|---|
| Rating | OK | OK | OK | OK |

Consumer Credit Report for TAMIKO PEELE

File Number: 310406769   Date Issued: 06/27/2022

## Promotional Inquiries

**TRANSUNION CONSUMER INTE** (100 CROSS STREET, SAN LUIS OBISP, CA 93401, (805) 782-8282)
Requested On: 06/22/2022, 05/06/2022, 04/23/2022, 02/02/2022

**CAPITAL ONE** (P O Box 31293, Salt Lake City, UT 84131, (800) 955-7070)
Requested On: 04/06/2022, 02/01/2022, 01/04/2022, 12/06/2021, 11/01/2021, 09/08/2021, 08/04/2021, 07/07/2021

**CAPITAL ONE** (P O Box 31293, Salt Lake City, UT 84131, (800) 955-7070)
Requested On: 08/04/2021, 07/07/2021

## Account Review Inquiries

**TRANSUNION CONSUMER INTE** (760 MARKET STREET 10TH FLOOR, SAN FRANCISCO, CA 94102, (844) 580-6816)
Permissible Purpose: CREDIT MONITORING
Requested On: 06/22/2022

**630327550 via TRANSUNION INTERACTIVE** (100 CROSS STREET 202, SAN LUIS OBISPO, CA 93401, (844) 580-6816)
Permissible Purpose: CREDIT MONITORING
Requested On: 06/21/2022

**TAMIKO PEELE via TRANSUNION INTERACTIVE IN** (100 CROSS ST, STE 202, SAN LUIS OBISPO, CA 93401, (855) 681-3196)
Permissible Purpose: CONSUMER REQUEST
Requested On: 04/20/2022

**ECMC INTERNAL COLLECTIONS** (111 WASHINGTON AVE S, MINNEAPOLIS, MN 55401, (800) 780-7997)
Permissible Purpose: COLLECTION
Requested On: 01/02/2022, 07/04/2021

**TAMIKO PEELE via KARMATRANSUNION INTERACT** (100 CROSS STREET, SAN LUIS OBISPO, CA 93401, (844) 580-6816)
Permissible Purpose: CONSUMER REQUEST
Requested On: 08/12/2021

**CARRINGTON MORTGAGE via CIC CREDIT** (327 CALDWELL DRIVE 100, GOODLETTSVILLE, TN 37072, (615) 386-2282)
Permissible Purpose: CREDIT TRANSACTION
Requested On: 05/27/2021

**RAMBER CORP via CIC CREDITRAMBER CORP** (2101 VISTA PKWY, STE 115, WEST PALM BEACH, FL 33411, (561) 471-9622)
Permissible Purpose: CONSUMER INITIATED TRANSACTION
Requested On: 05/26/2021

## Consumer Statement

I AM CURRENTLY SUING ACS/WELLS FARGO. DEFENDANTS FILE MOTION TO GET CASE DISMISSED JUDGE DENIED THEIR MOTION AS MOOT. I AM REQUESTING FOR A JURY TRIAL BASED ON VIOLATIONS AND PUNATIVE DAMAGES. I AM NOT LATE AND NEVER WAS.PEELE V. AFFILIATED COMPUTER SERVICES, INC. ET AL FILED: JULY 22, 2014 AS 2:2014CV14289 PLAINTIFF: TAMIKO PEELE DEFENDANT: WELL FARGO EDUCATION FINANICAL SERVICES, INC, AFFILIATED COMPUTER SERVICES, INC. CAUSE OF ACTION: FAIR CREDIT REPORTING ACTCOURT: ELEVENTH CIRCUIT FLORIDA FLORIDA SOUTHERN DISTRICT COURT TYPE OTHER STATUTES CONSUMER CREDITI AM CURRENTLY SUING ACS/WELLS FARGO. DEFENDANTS FILE MOTION TO GET CASE DISMISSED JUDGE DENIED THEIR MOTION AS MOOT. I AM REQUESTING FOR A JURY TRIAL BASED ON VIOLATIONS AND PUNATIVE DAMAGES. I AM NOT LATE AND NEVER WAS.PEELE V. AFFILIATED COMPUTER SERVICES, INC. ET AL FILED: JULY 22, 2014 AS 2:2014CV14289 PLAINTIFF: TAMIKO PEELE DEFENDANT: WELL FARGO EDUCATION FINANICAL SERVICES, INC, AFFILIATED COMPUTER SERVICES, INC. CAUSE OF ACTION: FAIR CREDIT REPORTING ACTCOURT: ELEVENTH CIRCUIT FLORIDA FLORIDA SOUTHERN DISTRICT COURT TYPE OTHER STATUTES CONSUMER CREDIT. MAY 5, 2015 CASE WAS DISMISSED AS MOOT. I WILL BE APPEALING THE CASE AND CONTINUING WITH OTHER LEGAL BUT NOT LIMITED TO AGAINST ACS,WELLSFARGO,NELNET,PHEAA,DOE AND TRANSUNION. THE UNITED STATED DEPARTMENT OF EDUCATION NELNET INC & ECM BUT NOT LIMITED TO IS CURRENTLY IN LITIGATION SOUTHERN DISTRICT OF FLORIDA CASE NUMBER 9-21-CV-80914, 9:21-CV-80855 & IN ADDITION LITIGATION AT THE 11TH CIRCUIT COURT OF APPEALS CASE NUMBER 21-12452-H.
(Note: This statement has no expiration date.)

## Credit Report Messages

**SECURITY FREEZE:** This file has been frozen or locked at the consumer's request.
(Note: This statement has no expiration date.)

To dispute online go to: **http://transunion.com/disputeonline**

St. Lucie County File Date: 12/06/2022 03:19 PM

Consumer Credit Report for TAMIKO PEELE                                    File Number: 310406769   Date Issued: 06/27/2022

## Should you wish to contact TransUnion, you may do so,

**Online:**
To dispute information contained in your credit report, please visit: www.transunion.com/disputeonline
For answers to general questions, please visit: www.transunion.com

**By Mail:**
Fraud Victim Assistance Department
P.O. Box 2000
Chester, PA 19016-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 a.m. and 11:00 p.m. Eastern Time, Monday through Friday, except major holidays.

For all correspondence, please have your TransUnion file number available (located at the top of this report).

**To dispute online go to: http://transunion.com/disputeonline**

St. Lucie County File Date: 12/06/2022 03:19 PM

| Form **W-9** (Rev. October 2018) Department of the Treasury Internal Revenue Service | **Request for Taxpayer Identification Number and Certification** ▶ Go to *www.irs.gov/FormW9* for instructions and the latest information. | **Give Form to the requester. Do not send to the IRS.** |

**Print or type. See Specific Instructions on page 3.**

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Tamiko Peele

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

☑ Individual/sole proprietor or single-member LLC

☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶

**Note:** Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any)

Exemption from FATCA reporting code (if any)

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

4001 SW Melbourne Street

**6** City, state, and ZIP code

Port Saint Lucie, FL 34953

**7** List account number(s) here (optional)

Requester's name and address (optional)

**Part I   Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN,* later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

or

Employer identification number

**Part II   Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**

Signature of U.S. person ▶

Date ▶

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9.*

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.*

Cat. No. 10231X

Form **W-9** (Rev. 10-2018)

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting*, later, for further information.

**Note:** If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien;

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States;

• An estate (other than a foreign estate); or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.

In the cases below, the following person must give Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States.

• In the case of a disregarded entity with a U.S. owner, the U.S. owner of the disregarded entity and not the entity;

• In the case of a grantor trust with a U.S. grantor or other U.S. owner, generally, the U.S. grantor or other U.S. owner of the grantor trust and not the trust; and

• In the case of a U.S. trust (other than a grantor trust), the U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person or the U.S. branch of a foreign bank that has elected to be treated as a U.S. person, do not use Form W-9. Instead, use the appropriate Form W-8 or Form 8233 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items.

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

***Example.*** Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity, give the requester the appropriate completed Form W-8 or Form 8233.

## Backup Withholding

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 24% of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, payments made in settlement of payment card and third party network transactions, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the Instructions for Part II for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See *Exempt payee code*, later, and the separate Instructions for the Requester of Form W-9 for more information.

Also see *Special rules for partnerships*, earlier.

## What is FATCA Reporting?

The Foreign Account Tax Compliance Act (FATCA) requires a participating foreign financial institution to report all United States account holders that are specified United States persons. Certain payees are exempt from FATCA reporting. See *Exemption from FATCA reporting code*, later, and the Instructions for the Requester of Form W-9 for more information.

## Updating Your Information

You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you no longer are tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account; for example, if the grantor of a grantor trust dies.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

## Specific Instructions

### Line 1

You must enter one of the following on this line; **do not** leave this line blank. The name should match the name on your tax return.

If this Form W-9 is for a joint account (other than an account maintained by a foreign financial institution (FFI)), list first, and then circle, the name of the person or entity whose number you entered in Part I of Form W-9. If you are providing Form W-9 to an FFI to document a joint account, each holder of the account that is a U.S. person must provide a Form W-9.

**a. Individual.** Generally, enter the name shown on your tax return. If you have changed your last name without informing the Social Security Administration (SSA) of the name change, enter your first name, the last name as shown on your social security card, and your new last name.

**Note: ITIN applicant:** Enter your individual name as it was entered on your Form W-7 application, line 1a. This should also be the same as the name you entered on the Form 1040/1040A/1040EZ you filed with your application.

**b. Sole proprietor or single-member LLC.** Enter your individual name as shown on your 1040/1040A/1040EZ on line 1. You may enter your business, trade, or "doing business as" (DBA) name on line 2.

**c. Partnership, LLC that is not a single-member LLC, C corporation, or S corporation.** Enter the entity's name as shown on the entity's tax return on line 1 and any business, trade, or DBA name on line 2.

**d. Other entities.** Enter your name as shown on required U.S. federal tax documents on line 1. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on line 2.

**e. Disregarded entity.** For U.S. federal tax purposes, an entity that is disregarded as an entity separate from its owner is treated as a "disregarded entity." See Regulations section 301.7701-2(c)(2)(iii). Enter the owner's name on line 1. The name of the entity entered on line 1 should never be a disregarded entity. The name on line 1 should be the name shown on the income tax return on which the income should be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a *single owner* that is a U.S. person, the U.S. owner's name is required to be provided on line 1. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on line 2, "Business name/disregarded entity name." If the owner of the disregarded entity is a foreign person, the owner must complete an appropriate Form W-8 instead of a Form W-9. This is the case even if the foreign person has a U.S. TIN.

### Line 2

If you have a business name, trade name, DBA name, or disregarded entity name, you may enter it on line 2.

### Line 3

Check the appropriate box on line 3 for the U.S. federal tax classification of the person whose name is entered on line 1. Check only one box on line 3.

| IF the entity/person on line 1 is a(n) . . . | THEN check the box for . . . |
|---|---|
| • Corporation | Corporation |
| • Individual<br>• Sole proprietorship, or<br>• Single-member limited liability company (LLC) owned by an individual and disregarded for U.S. federal tax purposes. | Individual/sole proprietor or single-member LLC |
| • LLC treated as a partnership for U.S. federal tax purposes,<br>• LLC that has filed Form 8832 or 2553 to be taxed as a corporation, or<br>• LLC that is disregarded as an entity separate from its owner but the owner is another LLC that is not disregarded for U.S. federal tax purposes. | Limited liability company and enter the appropriate tax classification. (P= Partnership; C= C corporation; or S= S corporation) |
| • Partnership | Partnership |
| • Trust/estate | Trust/estate |

### Line 4, Exemptions

If you are exempt from backup withholding and/or FATCA reporting, enter in the appropriate space on line 4 any code(s) that may apply to you.

**Exempt payee code.**

• Generally, individuals (including sole proprietors) are not exempt from backup withholding.

• Except as provided below, corporations are exempt from backup withholding for certain payments, including interest and dividends.

• Corporations are not exempt from backup withholding for payments made in settlement of payment card or third party network transactions.

• Corporations are not exempt from backup withholding with respect to attorneys' fees or gross proceeds paid to attorneys, and corporations that provide medical or health care services are not exempt with respect to payments reportable on Form 1099-MISC.

The following codes identify payees that are exempt from backup withholding. Enter the appropriate code in the space in line 4.

1—An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2)

2—The United States or any of its agencies or instrumentalities

3—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

4—A foreign government or any of its political subdivisions, agencies, or instrumentalities

5—A corporation

6—A dealer in securities or commodities required to register in the United States, the District of Columbia, or a U.S. commonwealth or possession

7—A futures commission merchant registered with the Commodity Futures Trading Commission

8—A real estate investment trust

9—An entity registered at all times during the tax year under the Investment Company Act of 1940

10—A common trust fund operated by a bank under section 584(a)

11—A financial institution

12—A middleman known in the investment community as a nominee or custodian

13—A trust exempt from tax under section 664 or described in section 4947

The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 13.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
|---|---|
| Interest and dividend payments | All exempt payees except for 7 |
| Broker transactions | Exempt payees 1 through 4 and 6 through 11 and all C corporations. S corporations must not enter an exempt payee code because they are exempt only for sales of noncovered securities acquired prior to 2012. |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 4 |
| Payments over $600 required to be reported and direct sales over $5,000[1] | Generally, exempt payees 1 through 5[2] |
| Payments made in settlement of payment card or third party network transactions | Exempt payees 1 through 4 |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney reportable under section 6045(f), and payments for services paid by a federal executive agency.

**Exemption from FATCA reporting code.** The following codes identify payees that are exempt from reporting under FATCA. These codes apply to persons submitting this form for accounts maintained outside of the United States by certain foreign financial institutions. Therefore, if you are only submitting this form for an account you hold in the United States, you may leave this field blank. Consult with the person requesting this form if you are uncertain if the financial institution is subject to these requirements. A requester may indicate that a code is not required by providing you with a Form W-9 with "Not Applicable" (or any similar indication) written or printed on the line for a FATCA exemption code.

A—An organization exempt from tax under section 501(a) or any individual retirement plan as defined in section 7701(a)(37)

B—The United States or any of its agencies or instrumentalities

C—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

D—A corporation the stock of which is regularly traded on one or more established securities markets, as described in Regulations section 1.1472-1(c)(1)(i)

E—A corporation that is a member of the same expanded affiliated group as a corporation described in Regulations section 1.1472-1(c)(1)(i)

F—A dealer in securities, commodities, or derivative financial instruments (including notional principal contracts, futures, forwards, and options) that is registered as such under the laws of the United States or any state

G—A real estate investment trust

H—A regulated investment company as defined in section 851 or an entity registered at all times during the tax year under the Investment Company Act of 1940

I—A common trust fund as defined in section 584(a)

J—A bank as defined in section 581

K—A broker

L—A trust exempt from tax under section 664 or described in section 4947(a)(1)

M—A tax exempt trust under a section 403(b) plan or section 457(g) plan

**Note:** You may wish to consult with the financial institution requesting this form to determine whether the FATCA code and/or exempt payee code should be completed.

### Line 5

Enter your address (number, street, and apartment or suite number). This is where the requester of this Form W-9 will mail your information returns. If this address differs from the one the requester already has on file, write NEW at the top. If a new address is provided, there is still a chance the old address will be used until the payor changes your address in their records.

### Line 6

Enter your city, state, and ZIP code.

## Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see *How to get a TIN* below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN.

If you are a single-member LLC that is disregarded as an entity separate from its owner, enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note:** See *What Name and Number To Give the Requester,* later, for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local SSA office or get this form online at *www.SSA.gov.* You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/Businesses* and clicking on Employer Identification Number (EIN) under Starting a Business. Go to *www.irs.gov/Forms* to view, download, or print Form W-7 and/or Form SS-4. Or, you can go to *www.irs.gov/OrderForms* to place an order and have Form W-7 and/or SS-4 mailed to you within 10 business days.

If you are asked to complete Form W-9 but do not have a TIN, apply for a TIN and write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note:** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** A disregarded U.S. entity that has a foreign owner must use the appropriate Form W-8.

## Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if item 1, 4, or 5 below indicates otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on line 1 must sign. Exempt payees, see *Exempt payee code,* earlier.

**Signature requirements.** Complete the certification as indicated in items 1 through 5 below.

Form W-9 (Rev. 10-2018)

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments made in settlement of payment card and third party network transactions, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5.** Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), ABLE accounts (under section 529A), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions. You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) other than an account maintained by an FFI | The actual owner of the account or, if combined funds, the first individual on the account[1] |
| 3. Two or more U.S. persons (joint account maintained by an FFI) | Each holder of the account |
| 4. Custodial account of a minor (Uniform Gift to Minors Act) | The minor[2] |
| 5. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee[1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner[1] |
| 6. Sole proprietorship or disregarded entity owned by an individual | The owner[3] |
| 7. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulations section 1.671-4(b)(2)(i)(A)) | The grantor* |

| For this type of account: | Give name and EIN of: |
|---|---|
| 8. Disregarded entity not owned by an individual | The owner |
| 9. A valid trust, estate, or pension trust | Legal entity[4] |
| 10. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 11. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 12. Partnership or multi-member LLC | The partnership |
| 13. A broker or registered nominee | The broker or nominee |

| For this type of account: | Give name and EIN of: |
|---|---|
| 14. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 15. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulations section 1.671-4(b)(2)(i)(B)) | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or DBA name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships*, earlier.

***Note:** The grantor also must provide a Form W-9 to trustee of trust.

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records From Identity Theft

Identity theft occurs when someone uses your personal information such as your name, SSN, or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:
• Protect your SSN,
• Ensure your employer is protecting your SSN, and
• Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Pub. 5027, Identity Theft Information for Taxpayers.

Victims of identity theft who are experiencing economic harm or a systemic problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

Form W-9 (Rev. 10-2018)

**Page 6**

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to *phishing@irs.gov*. You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration (TIGTA) at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at *spam@uce.gov* or report them at *www.ftc.gov/complaint*. You can contact the FTC at *www.ftc.gov/idtheft* or 877-IDTHEFT (877-438-4338). If you have been the victim of identity theft, see *www.IdentityTheft.gov* and Pub. 5027.

Visit *www.irs.gov/IdentityTheft* to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS to report interest, dividends, or certain other income paid to you; mortgage interest you paid; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their laws. The information also may be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payers must generally withhold a percentage of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to the payer. Certain penalties may also apply for providing false or fraudulent information.