UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-14005-Moore/McCabe

TAMIKO N. PEELE,

    Plaintiff,

v.

JONES DAY, et al,

    Defendants.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon a *sua sponte* review of the Complaint (DE 1-1) and Defendants' Joint Motion to Dismiss ("Joint Motion") (DE 58). United States District Judge K. Michael Moore previously referred this case to the undersigned for a Report and Recommendation on all dispositive matters (DE 18). For the reasons set forth below, the undersigned **RECOMMENDS** that the Complaint be **DISMISSED WITHOUT PREJUDICE** and that the Joint Motion (DE 58) be **GRANTED** consistent with the rulings below.

**I.     BACKGROUND**

This is a *pro se* case involving an alleged breach of a settlement agreement and other issues. Plaintiff originally filed her Complaint in state court in the Nineteenth Judicial Circuit in and for St. Lucie County, Florida (DE 1-1). On January 9, 2023, Defendants Jones Day, Trans Union, OpenSky, and Experian ("Joint Defendants") removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 1441 (DE 1 at 5 ¶ 10). The case arises from a previous small claims case that Plaintiff filed in St. Lucie County, *Tamiko N. Peele v. OpenSky a Division of Capital Bank NA et al.*, Case No. 2022SC001747 (hereafter "Small Claims Case") (DE 34-1). In the Small Claims

Case, Plaintiff alleged, *inter alia*, that certain companies made inaccurate reporting to credit agencies, resulting in a wrongfully diminished credit reporting score (DE 34-1 ¶¶ 12-14). According to state court records, Plaintiff settled the Small Claims Case in 2022 (DE 34-2). This new federal case appears to allege claims that partly overlap the Small Claims Case, against many of the same defendants. *Compare* DE 1-1 ¶¶ 12-14, 34-37, *with*, DE 34-1 ¶¶ 12-14, 54-57.

**II.   DISCUSSION**

Having reviewed the Complaint, the numerous pending motions, and the entire record in this case, the Court finds the Complaint should be dismissed without prejudice as an impermissible "shotgun pleading." *See Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) ("When presented with a shotgun complaint, the district court should order repleading *sua sponte*."); *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 (11th Cir. 2020) ("Shotgun pleadings are unacceptable for many reasons," and should be remedied by the court upon the motion of the opposing party or *sua sponte*). The Court reaches this decision for the following reasons.

**A.   Applicable Law Regarding Shotgun Pleadings**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires complaints to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) requires that each claim be presented in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate occurrence ... be stated in a separate count." Complaints that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both."). Shotgun pleadings fail to give defendants "adequate notice of the claims

2

against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Shotgun pleadings commonly suffer from one or more of the following deficiencies:

(1) they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;

(2) they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;

(3) they do not separate each cause of action into a different count; and

(4) they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.*

### B. Plaintiff's Complaint

The Complaint here suffers from all four problems described above. First, each successive count of the Complaint incorporates all preceding paragraphs (DE 1-1 ¶¶ 30, 38, 40, 46). This defect makes it impossible to understand which facts Plaintiff relies upon to support each cause of action. The Court notes that pleading rules allow a plaintiff to incorporate previously numbered paragraphs into a count, but the incorporated paragraphs *must be relevant to the particular count*. *See Diaz v. Mekka Miami Grp. Corp.*, No. 16-CV-20589, 2016 WL 11201731, at *3 (S.D. Fla. June 21, 2016). ("Numbered paragraphs may be incorporated by reference later in the pleading, however, this is only appropriate when the referenced paragraphs are relevant.").

Second, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. Even under the most liberal reading of the Complaint, the Court cannot understand the factual scenario giving

rise to this lawsuit. For example, the Complaint acknowledges that Plaintiff settled the Small Claims Case and appears to allege somebody breached the settlement, but it is not clear how. Plaintiff alleges, for example, that Experian's counsel "breached the settlement and proceeded with bad faith when removing matters that were under the jurisdiction of this court in violation of Rooker-Feldman," and that "Trans Union and its staff counsel Charlotte violated the similar agreement" (DE 1-1 at 2). The Court does not understand how these actions violated the settlement.

Plaintiff also suggests that a non-disclosure provision was violated (DE 1-1 at 10 ¶ 15), but she does not describe how. She also references "tax implication of void settlement proceeds" (DE 1-1 at 4), "constitutional rights abuse," "harassment," "various illegal acts," "other claims and counts" (DE 1-1 ¶ 17), "corporate welfare, corporatism, and piercing the corporate veil" (DE 1-1 ¶ 53), but she does not explain how any of these allegations give rise to legal claims against any of the Defendants named in the Complaint.

Third, the Complaint does not separate "each cause of action or claim for relief" into a different count. *Weiland*, 792 F.3d at 1323. The Complaint's cover page and table of contents suggest that Plaintiff alleges five counts: (1) "Bad Faith-Failure to Settle," (2) "Breach of Settlement Agreement," (3) "Declaratory Judgment," (4) "Unjust Enrichment," and (5) "Breach of Covenant of Good Faith and Fair Dealing" (DE 1-1 at 1, 4, 12, 13, 16, 17). The Complaint itself, however, also references, among other things, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices Act, and the Florida Deceptive and Unfair Trade Practices Act (DE 1-1 ¶¶ 31-39, 46-49). It is unclear whether Plaintiff attempts to bring claims under these additional statutes.

Fourth, the Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.  Specifically, the Complaint asserts every count against every Defendant (DE 1-1 ¶¶ 17, 31-39, 46, 49).  The Complaint fails, however, to identify the specific acts committed by each Defendant that give rise to liability for each count.  For all of the above reasons, the Complaint must be dismissed as a shotgun pleading.

### III.      RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Accordingly, the undersigned **RECOMMENDS** as follows:

1. The Complaint should be **DISMISSED WITHOUT PREJUDICE,** and Plaintiff should be given fifteen (15) days from the United States District Judge's ruling on this Report and Recommendation to file an Amended Complaint.

2. The Joint Motion (DE 58) should be **GRANTED** consistent with the rulings above.

3. In the Amended Complaint, Plaintiff should avoid incorporating all previous allegations into each successive count.  Instead, she should incorporate only the previous factual allegations relevant to each count.  She should also avoid conclusory, vague, and immaterial facts not connected to any particular cause of action.  She should clearly identify each cause of action that she wants to bring and separate each cause of action into a different count.  She should also specify which Defendants she believes to be liable for each count, with specific facts to support why each Defendant is liable for each count, including the specific acts or omissions committed by each Defendant.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge K. Michael Moore.  Failure to file objections timely shall bar the parties from a *de*

*novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 7th day of March 2023.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc:     Plaintiff, *pro se*; Defendants, counsel of record.