UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:23-cv-14005-KMM

TAMIKO N. PEELE,

    Plaintiff,
v.

JONES DAY, *et al.*,

    Defendant.
                                    /

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon the Report and Recommendation of the Honorable Ryon M. McCabe, United States Magistrate Judge. ("R&R") (ECF No. 76). Therein, Magistrate Judge McCabe recommends that the Court dismiss this action without prejudice. *Id.* at 3. *Pro se* Plaintiff Tomiko N. Peele ("Plaintiff") filed objections, ("Objs.") (ECF No. 79), and Defendants Jones Day, Trans Union LLC, Experian Information Solutions Inc., and OpenSky (collectively, "Defendants") filed a joint response to Plaintiff's Objections, ("Resp.") (ECF No. 80). The matter is now ripe for review. As set forth below, the Court **ADOPTS** the Report and Recommendation.

**I.    BACKGROUND**

This action involves an alleged breach of a settlement agreement. *See generally* Complaint ("Compl.") (ECF No. 1-1). Plaintiff initially filed this action in state court. *Id.* On January 9, 2023, Defendants removed the case to this Court. ECF No. 1. Defendants subsequently filed a Joint Motion to Dismiss. *See* ECF No. 58.

On March 7, 2023, upon a *sua sponte* review of the record, Magistrate Judge McCabe issued an R&R recommending that the matter be dismissed without prejudice. *See generally* R&R.

## II.    LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *see Lopez v. Berryhill*, No. 1:17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge must "evaluate portions of the R & R not objected to under a clearly erroneous standard of review.").

**III.     DISCUSSION**

As set forth in the Report and Recommendation, Magistrate Judge McCabe recommends dismissing Plaintiff's Complaint without prejudice as an impermissible shotgun pleading. R&R at 2. After a *de novo* review, the Court agrees.

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests. *Id*. Such a shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Est. Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

Here, Magistrate Judge McCabe finds that Plaintiff's Complaint is a shotgun pleading for four reasons.

First, each successive count of the Complaint incorporates all proceeding paragraphs. R&R at 3. This is a classic example of a shotgun pleading. As Magistrate Judge McCabe points out, this defect "makes it impossible to understand which facts Plaintiff relies upon to support each cause of action." *Id*. Second, the R&R finds that, even under the most liberal reading of the Complaint, it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. (citing *Weiland*, 792 F.3d at 1322). Third, the Complaint fails to separate the causes of action into different counts for relief, making it unclear whether Plaintiff

attempts to which bring claims under which statute. *Id*. at 4. Finally, the Complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 5 (citing Weiland, 792 F.3d at 1323).

While Plaintiff filed Objections to the R&R, Plaintiff fails to make any specific objection to the report. *See generally* Objs. As Defendants point out, nowhere in her Objections does Plaintiff even argue that her Complaint is not a shotgun pleading. Resp. at 3. After a *de novo* review, the Court agrees with Magistrate Judge McCabe's analysis and finds that the Complaint is a quintessential example of a shotgun pleading.

### IV.   CONCLUSION

Accordingly, UPON CONSIDERATION of the report and recommendation, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge McCabe's R&R (ECF No. 76) is ADOPTED. This case is DISMISSED WITHOUT PREJUDICE. Plaintiff has until May 22, 2023, to submit an amended complaint addressing the foregoing deficiencies. The submission of another shotgun pleading will result in the entry of an order of dismissal.

The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this __26th__ day of April, 2023.

*[signature]*

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record